Charlie DELIA, Plaintiff-Appellant,

v.

**COURT OF COMMON PLEAS OF CUYA-HOGA COUNTY and Shaker Air Conditioning Company, Defendants-Appellees.**

No. 19197.

United States Court of Appeals
Sixth Circuit.

May 2, 1969.

Woodle, Wachtel, Begam & Wolk, Edwin F. Woodle, Emanuel M. Rose, Cleveland, Ohio, on brief for plaintiff-appellant.

John T. Corrigan, Pros. Atty., of Cuyahoga County, Ohio, John L. Dowling, Asst. Pros. Atty., Cleveland, Ohio, on brief for defendants-appellees.

Joseph L. Newman, Roger J. Weiss, Cleveland, Ohio, for Shaker Air Conditioning Co.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

## ORDER

The Shaker Air Conditioning Company brought an action against Charlie Delia

---

4. C. N. Parkinson, Parkinson's Law (1957)."

in an Ohio common pleas court to recover on an account. Shaker obtained a judgment against Delia in the amount of $6,279.42, which was affirmed by the Court of Appeals of the Eighth Judicial District of Ohio; an appeal was dismissed by the Ohio Supreme Court.

Delia, defendant in the state court action, then filed suit in the federal district court against the Ohio court of common pleas and the Shaker Company seeking a declaratory judgment to set aside the state court judgment. Federal jurisdiction was sought to be invoked by virtue of the Civil Rights Act, 42 U.S.C. §§ 1981 and 1983, and the equal protection clause of the Fourteenth Amendment. The complaint was dismissed for failure to state a cause of action, and plaintiff appeals.

The complaint alleged that the court of common pleas "failed and neglected to require of the defendant company proof of any and all of the elements of the cause of action which said defendant purported to present for trial * * * [denying] to this plaintiff the equal protection of the laws."

■■ Unequal application of a state law fair on its face is not a denial of equal protection unless there is shown to be present an element of intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). Mere errors and irregularities occurring in a judicial proceeding are to be differentiated from a situation where the proceeding itself is a sham or nullity. Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963), cert. denied, 377 U.S. 932, 84 S.Ct. 1334, 12 L.Ed.2d 296 (1964). See Bottone v. Lindsley, 170 F.2d 705 (10th Cir. 1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949).

■■ If it should be assumed that the Ohio courts did not correctly apply the law of Ohio to appellant's case, there is nevertheless a lack of any allegations in the complaint tending to show a purposeful discrimination. Certainly, a construction of the equal protection

clause is not favored which would in effect allow a federal court to relitigate a state court case upon every alleged departure from state law by state officers. The district court properly dismissed the complaint for failure to state a cause of action.

From an examination of the record before us it is apparent that the question upon which decision depends is so unsubstantial as not to require further argument.

The judgment of the district court is affirmed under Rule 8, Rules of the Sixth Circuit.