Shirley **HUMPHREY**, Individually and for others similarly situated

v.

**HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT et al.**

No. CA–3–6299–B.

United States District Court,
N. D. Texas,
Dallas Division.
July 2, 1973.

Larry Watts, Houston, Tex. and Dauphine Whitehead, Hines, Whitehead & Connelly, Arlington, Tex., for plaintiff.

Richard E. Gray, Jr., Dallas, Tex., for defendants.

## ORDER AND MEMORANDUM OPINION

HUGHES, District Judge.

Shirley Humphrey was employed for the school years 1970–71 and 1971–72 as a Spanish instructor in the Highland Park High School. The School Board did not elect her for the year 1972–73.

This suit was filed on September 18, 1972, against the Trustees individually and as members of the Board, the superintendent of the District, Frank Monroe, and the principal of the High School, W. Everett Hart. Plaintiff Humphrey alleges that she was terminated because of her activities in the Texas Classroom Teachers Association. In not re-electing her plaintiff contends defendants have violated her first amendment rights of freedom of speech and assembly, and in her termination have denied her due process. She has brought this suit as a class action for herself and for all others similarly situated.

The defendants filed a motion to dismiss plaintiff's suit for want of jurisdiction and in the alternative the class action allegations. Subject to the motion to dismiss defendants deny plaintiff's allegations and contend that plaintiff was not given a new contract because of her failure to comply with proper administrative requests and directives and established board policies.

At a pretrial hearing on November 3, 1972, the Court ordered the cause remanded to the Board of Trustees with instructions to hold a hearing on the matter of the failure of the Highland Park Independent School District to renew the teaching contract of plaintiff for the 1972–73 school year, said hearing to comply with the procedural standards for due process as set forth in Fer-

guson v. Thomas, 430 F.2d 852 (5th Cir. 1970).

In compliance with this order the attorney for the Board notified Mrs. Humphrey's attorney of the hearing to be held on January 30, 1973. The reasons for not renewing her contract were set out, the witnesses listed, and the nature of the witnesses' testimony stated. Mrs. Humphrey, her attorney and any witnesses desired by Mrs. Humphrey were invited to be present and give evidence.

The hearing was held on January 30, 1973, before the Board with all but one member of the Board present. Mrs. Humphrey appeared with her attorney.

Testimony was offered on the failure of Mrs. Humphrey to cooperate with her principal, to comply with requests from the principal for information, to comply with established policies, rules and regulations and to timely furnish information needed by the attendance office. The witnesses were examined by the Board's attorney and cross-examined by Mrs. Humphrey's attorney. At the close of the testimony of the District's witnesses Mrs. Humphrey's attorney was offered the opportunity to present witnesses including Mrs. Humphrey. This offer was declined.

On Feburary 12, 1973, the Board in executive session by unanimous vote determined that the recommendation of the Administration that the contract of Shirley Humphrey not be renewed was based upon reasonable grounds and the action of the Administration was in all things upheld. The order of the Board was set forth in a detailed statement outlining the procedures taken and the reasons for the Board's decision.

Following the hearing of the Board a motion for summary judgment was filed on May 10, 1973, by the defendants.

After a full review of the pleadings, the transcript of the Board hearing, the exhibits and briefs it is the opinion of the Court that (1) the motion of the defendants to dismiss plaintiff's allegations of a class action under Rule 23 should be sustained, and (2) defendants'

motion for summary judgment should be sustained.

The record reveals that there are no other teachers similarly situated as plaintiff; the defendants have not acted toward her in a manner similar to other members of the alleged class; the other teachers not rehired are not so numerous that joinder would be impracticable; and there are no questions of law or fact common to any alleged clauses. For all these reasons plaintiff's allegations of class action status must be dismissed.

The record reveals that Mrs. Humphrey had been employed for 2 years by the Highland Park Independent School District under separate and consecutive one-year contracts, such contracts being probationary under the policies of the School District. On April 11, 1972, the Board elected personnel for the 1972–73 school year. Mrs. Humphrey was not included in the list and was therefore not elected.

On July 5, 1972, Mrs. Humphrey wrote to A. H. McCullough, the then president of the School Board requesting a hearing "for the purpose of learning the reasons for the termination of employment."

Mr. McCullough in his reply, dated July 10, 1972, advised Mrs. Humphrey that she was entitled to a hearing but she should first discuss the matter with the Principal and thereafter with the Superintendent before requesting such a hearing. This proceedure is in accordance with the Policy Book of the Highland Park Independent School District, Section 301, entitled "Appeals Channels", providing, in part as follows:

"A school employee should first discuss any problems with the school official serving as his immediate supervisor, such as his school principal. If a satisfactory adjustment is not made, the employee may take the matter to the official next in line of authority, then to the superintendent.

As a last resort, appeal may be made to the Board of Trustees, and in this case, should be in writing."

These requirements were part of a general scheme of operational procedures designed to afford an orderly method of handling grievances. Such a procedure was not so burdensome or unreasonable as to constitute a denial of due process.

Mrs. Humphrey did not follow Mr. McCullough's instructions. No further action was taken until this suit was filed on September 18, 1972. Following the filing of the suit this Court directed the Board to hold a public hearing, as hereinbefore set out.

A review of the record reveals that all the requirements for due process as set forth by Ferguson v. Thomas, *supra,* were fully complied with.

At the Board meeting of January 30, 1973, Dr. Emory Sigler, assistant principal, and Everett Hart, principal of Highland Park High School testified as to the reasons for Mrs. Humphrey not being recommended for employment for the year 1972–73.

Dr. Sigler testified as to the importance of accurate attendance records to obtain state funds, the amount of funds allocated to each district being based on average daily attendance. On November 23, 1971, Mrs. Humphrey's report contained a questionable entry. The attendance office sent her a written request asking for an explanation. This was a crucial time in the handling of attendance as November 30th was the last day of the six week reporting period. Mrs. Humphrey made no response to the written request. On the 29th a student helper was sent to Mrs. Humphrey asking that the matter be cleared up. Her reply was that she was too busy. After being notified of the failure of Mrs. Humphrey to correct the record Dr. Sigler requested a conference with her. During this conference Mrs. Humphrey stated she was ready to straighten the record out. Mrs. Humphrey was aware of the importance of school records through the teachers handbook furnished teachers at the beginning of the school year.

The principal, Mr. Hart, testified first that during Mrs. Humphrey's first year her performance was satisfactory and upon recommendation of Mr. Hart the Board voted to renew her contract of employment for the year 1971–72. Mr. Hart then testified to the following acts occurring after the renewal of Mrs. Humphrey's contract constituting failure on her part to comply with school rules and to cooperate with the Administration.

On April 28, 1971, Mrs. Humphrey permitted her class to be interrupted while she discussed with another teacher the content of certain pamphlets which the other teacher was holding. When reprimanded by the principal her reply was to the effect that she would be the judge of when she would be interrupted.

On November 12, 1971, Mr. Hart sent a memorandum to the teachers requesting information from their homeroom record sheets desired by the PTA in their membership drive. At the beginning of the year teachers are advised that in addition to their teaching duties they have certain responsibilities which involve cooperation with the principal's office, the administrative office, and others. Time to prepare such information was given during a twenty-five minute daily period. This was an administrative detail which was according to Mr. Hart to be given first priority on Monday, November 15th. The report not having been received from Mrs. Humphrey a second request was sent on November 19th. Mrs. Humphrey replied in writing on November 22nd that she was busy with her teaching duties, but could produce the list the next day. The note went on to say "all of this gratuitous secretarial work—is an improper infringement upon the time and effort I could and would be expending on my students." She was summoned to the office on November 29th for a conference with the principal who responded to questioning at the hearing that he felt he had a problem of a person unwilling to cooperate with the office on matters necessary for the effective operation of the school.

Mr. Hart testified further that it was required that organization meetings be scheduled by the principal in order to avoid conflict and to make certain the facilities were properly equipped. In February in response to questioning he stated that Mrs. Humphrey held an unauthorized meeting of the Classroom Teachers Association. A conference with Mrs. Humphrey followed at which this matter and others were discussed. Mr. Hart told the committee it was his conclusion following the conference that it was impossible to establish a working relationship with Mrs. Humphrey.

Mr. Hart's decision not to recommend the renewal of Mrs. Humphrey's contract for the year 1972–73 was based on the incidents which were related to the Board.

Witnesses offered by the District were exhaustively cross-examined by Mrs. Humphrey's attorney, but no testimony was offered on her charge that her contract was not renewed because of her activities with the Texas Classroom Teachers Association.

There was not any evidence to support Mrs. Humphrey's charges. However, there was contrary evidence that she had been given permission to attend a convention of the Texas Classroom Teachers Association without deduction of pay, that meetings of the Association were scheduled by the principal in the High School Building and that the principal was aware of the fact that more than three fourths of the teachers at the Highland Park High School were members of the Association. There was no evidence of bias against this organization or any adverse action ever taken against the members on account of their membership.

At the hearing of the Board on January 30, 1973, there was a full exploration of the reasons for the recommendation of the principal that Mrs. Humphrey's contract for the year 1972–73 not be renewed. She had every opportu-

455

nity to present testimony of charges, which she failed to do. She had the burden of showing that she had been deprived of some constitutional right. She made no such showing.

It is the opinion of this Court that the procedures adopted by the Highland Park School District relating to the non-renewal of teacher's contracts were adequate to comply with due process. Mrs. Humphrey had been granted a conference with the principal at which he had outlined the reasons for non-renewal and she had been advised by the president of the Board of the procedure necessary to pursue in order to obtain an explanation. Finally she was granted a full hearing before the Board of Trustees.

Under the authority of Ferguson v. Thomas, *supra*, it is not necessary to have a court hearing for development on the merits, since the cause of non-renewal has been fully disclosed in a hearing before the Board.

"To do so routinely in every such case constitutes both an intrusion into the internal affairs of state educational institutions and an unwise burden on judicial administration of the courts. School constituted review bodies are the proper forums for thrashing out such matters * * * If the procedures followed were correct and substantial evidence appears to support the Board's action, that ordinarily ends the matter." 430 F.2d at 858.

"* * * our objective is to make actions brought under § 1983 * * * most effective by channeling the court procedures to a determination (a) that the complainant was accorded due process in the procedures by which he was terminated, and (b) that the board had before it substantial evidence to support its conclusion." 430 F.2d at 859. *See also* Woodbury v. McKinnon, 447 F.2d 839, 866 (5th Cir. 1971).

It is this Court's opinion that the facts were fully developed at the hearing of January 30, 1973, and the decision of the Board was based on substantial evidence.

It is therefore ordered, adjudged and decreed that the defendants' motion to dismiss class allegations in plaintiff's complaint be and is hereby sustained.

It is further ordered, adjudged and decreed that defendant's motion for summary judgment be and is hereby sustained.