**George D. DUFFIELD, Plaintiff,**

v.

**MEMORIAL HOSPITAL ASSOCIATION OF CHARLESTON, a West Virginia corporation, and Roy R. Prangley, Administrator of Memorial Hospital Association of Charleston, a West Virginia corporation, Defendants.**

Civ. A. No. 71-204.

United States District Court, S. D. West Virginia, Charleston Division.

July 17, 1973.

John L. Boettner, Jr., Charleston, W. Va., for plaintiff.

Howard R. Klostermeyer and George G. Guthrie, of Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for defendants.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

Plaintiff, a physician licensed in West Virginia, claims that defendants arbitrarily refused to renew his staff privileges at defendant hospital, that the arbitrary action denied him rights under the due process and equal protection clauses of the United States Constitution, that he has suffered damages to his professional reputation to the extent of $500,000, and that he will suffer immediate and irreparable injury, loss and damage unless he is granted temporary and permanent injunctive relief pending determination of the issue of cause for defendants' refusal to renew his hospital staff privileges. Jurisdiction is based on 28 U.S.C. § 1343.

Plaintiff's action was commenced on October 1, 1971, and on that date the Court granted a temporary restraining order which was later modified and extended by agreement of counsel. The temporary restraining order was vacated on September 1, 1972, at which time defendants were ordered to grant plaintiff an administrative hearing within thirty days on issues arising from defendants' refusal to renew plaintiff's staff privileges at defendant hospital. The administrative hearing was held by the Joint Conference Committee of the Charleston Area Medical Center pursuant to Article IV, Section 6, of the By-Laws, Rules and Regulations of the Medical Staff of Charleston Memorial Hospital. A record of the hearings, including three volumes of transcripts and exhibits, was made available to the parties and to the Joint Conference Committee members for review and consideration. On January 8, 1973, the Joint Conference Committee voted unanimously that plaintiff's courtesy staff privileges at the hospital be not renewed. The Committee's action was referred to the Board of Trustees of the Charleston Area Medical Center which, by resolution of January 16, 1973, unanimously declined to renew

plaintiff's courtesy medical staff privileges.[1]

Defendants moved, on January 18, 1973, to dismiss plaintiff's complaint, reasoning that the administrative hearing had been held and administrative action had been taken satisfying the civil rights and constitutional rights upon which plaintiff based his action and leaving no further bases for federal court jurisdiction.

On February 9, 1973, on joint motion of the parties, by counsel, the administrative hearing record was filed in Court with advices that a review of the record was "indispensable to the proper disposition of the motions pending herein."

On February 21, 1973, plaintiff filed his motion for leave to file an amended complaint, basing jurisdiction on 28 U.S.C. § 1343, 42 U.S.C. § 1983, 28 U.S.C. § 2202, and "federally protected constitutional rights." On the same date plaintiff renewed his motion for a temporary and permanent injunction.

Counsel submitted memoranda and briefs in support of their respective positions on defendants' motion to dismiss and on plaintiff's motions for leave to file an amended complaint and for a preliminary and permanent injunction. At a hearing before the Court on April 26, 1973, the action was submitted for decision on the record.

■■■■ Defendants' Rule 12(b) motion to dismiss the action for lack of federal jurisdiction will be broadly considered so as to include all bases of jurisdiction embraced in plaintiff's amended complaint, tendered but not yet received for filing. The Court is mindful of provisions of Rule 15 manifesting liberality in allowing amendments to pleadings when justice so requires. Likewise the Court is mindful of the provisions of Rule 12(h)(3). "Lack of jurisdiction of the subject matter is never waived, and if such lack of jurisdiction appears at any time in the case, the court must dismiss the action." Wright, Law of Federal Courts, § 66, at page 280 (1970). While the language of the complaint with reference to jurisdiction is to be broadly and liberally construed, the burden of proof remains on the party asserting jurisdiction. 5 Wright and Miller, Federal Practice and Procedure, § 1350, at pages 551 and 555 (1969).

The complaint asserts that "plaintiff has been denied a right guaranteed to him under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and, therefore, invokes the jurisdiction of this court under 28 U.S.C.A. § 1343." Plaintiff asserts that defendants' arbitrary action refusing to renew his "staff privileges at Charleston Memorial Hospital without good or substantial cause therefor" and the refusal of defendants to grant plaintiff a "hearing upon the withholding of said staff privileges" deny him constitutional rights for which he seeks damages and injunctive relief.

In his proposed amended complaint, plaintiff would base jurisdiction upon the following statement:

The jurisdiction and authority of this Court are invoked under the following: 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 2202;

---

1. Charleston Area Medical Center, Inc., absorbed defendant hospital in a merger of hospital facilities and J. Darrell Richmond became administrator of Memorial Division of the Charleston Area Medical Center, Inc., succeeding defendant Roy R. Prangley. The parties apparently agree that Charleston Area Medical Center, Inc., a West Virginia corporation, and J. Darrell Richmond, administrator of Memorial Division of Charleston Area Medical Center, Inc., should be substituted as parties defendant in the action in place of Memorial Hospital Association of Charleston, a West Virginia corporation, and Roy R. Prangley, Administrator of Memorial Hospital Association of Charleston, a West Virginia corporation, because of the merger and administrative changes indicated. The substitution may be made on motion but the action may be continued against the original parties. Rule 25(c), Federal Rules of Civil Procedure.

this being an action for injunctive relief and for damages to redress the deprivation by the defendants under color of law of certain federally protected constitutional rights of the plaintiff as more fully set forth herein.

Paragraphs 17 through 25 of the proposed amended complaint detail bases of his action. The statutes upon which plaintiff would base jurisdiction warrant examination.

■ One statute, 28 U.S.C. § 1343, gives jurisdiction to federal district courts in certain civil rights cases, but does not create or define bases or causes of action for civil rights cases. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); Howell v. Cataldi, 464 F.2d 272, 274 (3rd Cir. 1972).

■ Another statute, 28 U.S.C. § 2202, relating to declaratory judgments, neither vests jurisdiction in a federal district court nor creates any new cause of action. The statute is procedural, providing a remedy where a cause of action already exists within the jurisdiction of the court. 10 Wright and Miller, Federal Practice and Procedure, § 2766 (1973).

The remaining statute, 42 U.S.C. § 1983, employed in plaintiff's statement of jurisdiction in the proposed amended complaint, is not cited or referenced as a basis of jurisdiction in the initial complaint, but obviously it is the civil rights statute upon which plaintiff's claims might find bases for a cause of action as initially stated. Decided cases disclose the statute has been many times employed as the basis for civil rights litigation when jurisdiction is based on 28 U.S.C. § 1343. The two statutes may be considered companions in this area of

the law—one on jurisdiction—the other on creation and definition of civil rights.

In the proposed amended complaint as above quoted, plaintiff claims deprivation of "certain protected constitutional rights." Later in the proposed complaint, he refers to Amendments V, IX and XIV of the United States Constitution. Amendment V and Amendment XIV contain due process provisions. Amendment XIV also contains the equal protection provision. Amendment IX, relating to retained rights of the people, is employed in paragraph 24 of the proposed complaint as a basis upon which plaintiff claims violation of the doctor-patient relationship and "the right of privacy attended thereto." A careful examination of the record, including the transcript and exhibits, discloses no basis for actionable claims of denial of equal protection. Cf. Sams v. Ohio Valley General Hospital Association, 413 F.2d 826 (4th Cir. 1969). Nor is any violation of any physician-patient privilege or right of privacy manifest. Cf. Young Women's Christian Association v. Kugler, 342 F.Supp. 1048 (D.N.J.1972). Memorial Hospital Association of Charleston is privately owned, operated, maintained and managed.[2] To the extent that any state action is involved in its operations, an overriding and compelling state interest in safeguarding and protecting the health, safety and lives of its patients and patrons generously dictates and justifies the hospital's internal management principles, practices and procedures as manifested in the record in this action.

Refined and reduced to fact and substance, plaintiff's complaint bases jurisdiction on 28 U.S.C. § 1343, and the cause of action on 42 U.S.C. § 1983, and the due process provisions of the United

---

2. The complaint asserts that the hospital "is a public, non-profit hospital which receives funds from the United States Government and the State of West Virginia under the Hill-Burton Act of Congress." (42 U.S.C. § 291 et seq.) Defendants' joint answer asserts that the hospital "is a private hospital under the laws of the State of West Virginia." The public or private status of the hospital in the context of this action as here presented is not considered material. Don v. Okmulgee Memorial Hospital, 443 F.2d 234 (10th Cir. 1971).

States Constitution. His proposed amended complaint, while more detailed and verbose, is not materially different from the initial complaint. Accordingly, defendants' motion to dismiss the action for lack of federal court jurisdiction, directed to the initial complaint and the record herein, would apply with equal force and effect to the proposed amended complaint.

After plaintiff was notified by letter of August 31, 1971, that the governing board of the hospital had recommended that he be not reappointed to the hospital's medical staff for the fiscal year commencing October 1, 1971, and after a somewhat fruitless administrative hearing on the issues before the hospital's Joint Conference Committee on September 21, 1971, at which plaintiff and his attorney were present, plaintiff obtained, on October 1, 1971, a temporary restraining order in this Court restraining defendants from withholding hospital staff privileges from plaintiff until the further order of the Court. The temporary restraining order, later modified and extended, was vacated on September 1, 1972, at which time the Court ordered defendants to grant plaintiff an administrative hearing. The administrative hearing was commenced on October 2, 1972, and was concluded on November 29, 1972, before the Joint Conference Committee of the Charleston Area Medical Center composed of ten members, five physicians and five laymen, selected, organized and proceeding pursuant to the Center's By-Laws, Rules and Regulations.

The Court's order for the administrative hearing "within a reasonable time, not to exceed thirty days from the date of the entry of this order", directs that "the defendants make available to plaintiff's counsel copies of all documents and evidence upon which charges are based with regard to the administrative hearing, and that both parties make available to counsel for the other party a list of all the names and addresses of witnesses who will be called to testify at said administrative hearing within ten days prior to the administrative hearing." The transcript of the hearing, commencing on October 2, 1972, discloses agreement and stipulation by counsel on the documents and exhibits. Defendants' letter of July 19, 1972, to plaintiff detailed the charges against plaintiff and the charges were restated in the record at the commencement of the hearing. The charges, without details, involve gross errors in medical judgment and treatment, performance of surgical procedures beyond plaintiff's hospital privileges, admitting and treating patients at the hospital outside plaintiff's privileges, and failure to complete required hospital data and record materials as to patients admitted and treated by plaintiff. Defendants' witness list was furnished to plaintiff's counsel, but plaintiff's witness list was not furnished to defendants' counsel, as disclosed by the transcript on resumption of the hearing on November 13, 1972.

Upon completion of the administrative hearing, the reporter's transcript was prepared and furnished to all parties and to members of the hearing committee. A further hearing was held on December 6, 1972, at which plaintiff's counsel made four motions for dismissal of the proceedings: (1) Because of the inadequacy and violations of the by-laws, rules and regulations under which the hearing was held, (2) because the hearing committee as composed cannot be a fair and impartial tribunal, (3) because of the absence of any provision in the rules and regulations for non-reappointment of a physician on account of judgment errors in the practice of surgery, and (4) because, during the progress of the hearing, two of the ten members of the committee disqualified themselves and withdrew from the hearing panel on account of their participation in and knowledge of a hearing involving plaintiff at another hospital. The committee chairman denied the motions and the hearing was closed. The eight hearing members convened on January 8, 1973, for a discussion and consideration of the hearing testimony and exhibits.

By secret ballot they voted (8 to 0) not to renew plaintiff's staff privileges. The committee's action was transmitted in writing to the Board of Trustees which on January 16, 1973, adopted a resolution declining to renew plaintiff's staff privileges. A copy of the Board's resolution was transmitted by certified mail to plaintiff on January 17, 1973.

Defendants thereupon moved to dismiss the complaint, reasoning that the administrative hearing and action had discharged plaintiff's claims of violation of his civil rights, the basis of his action, and that the Court was now without jurisdiction. Plaintiff countered with a motion for leave to file an amended complaint and a renewed motion for preliminary and permanent injunctive relief. The administrative hearing transcript and exhibits were filed in the action record, memoranda and briefs of counsel were received, and the action was submitted to the Court for decision on the record.

■■ Plaintiff claims the administrative hearing committee cannot be a fair and impartial tribunal—that the members had pre-judged the issues and that the administrative action is unconstitutional and void. Initially, in his complaint, plaintiff asserted that defendants were guilty of arbitrary action in denying a renewal of his hospital staff privileges without an administrative hearing. The Court ordered the hearing to be held. Notice was given, written charges were provided, the parties were permitted to appear with counsel, witnesses were examined and cross-examined, exhibits were presented in evidence, plaintiff was heard on post-hearing motions, a transcript of the hearing was prepared and made available to the parties for review—all in conformity with procedural and substantive due process requirements. The hearing committee was an internal committee of the hospital organization. It is not a federal government administrative agency operating under or controlled by the Administrative Procedure Act, 5 U.S.C., §§ 551–576, nor is it a state governmental agency operating under or controlled by the West Virginia Administrative Procedure Act, West Virginia Code, Chapter 29A. It appears to be the only administrative agency available to conduct the hearing plaintiff requested. In the administrative process, disqualification of members of a hearing panel, as here challenged, will not be permitted to destroy the only tribunal with power and authority to conduct the hearing. Brinkley v. Hassig, 83 F.2d 351 (10th Cir. 1936). This principle is known as the doctrine of necessity in administrative law. Landis, The Administrative Process, page 92 (1936); Gellhorn and Byse, Administrative Law, pages 804–808 (1970); 2 Am.Jur.2d, Administrative Law, § 412 (1962). At the commencement of the administrative hearing herein, counsel for plaintiff had the members of the hearing panel sworn and conducted a voir dire examination of each of them, inquiring as to their prejudices, fairness and impartiality in the hearing to be conducted. Later at the request of plaintiff's counsel the committee chairman asked the committee members the following question prior to their consideration and discussion of the administrative hearing record and their vote as a tribunal thereon: "Were you sensible of any bias or prejudice at the outset of the hearings in this matter that would influence your final decision?" The answer of each member was in the negative. The situation here is greatly different from the situation in Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), and in State ex rel. Ellis v. Kelly, 145 W.Va. 70, 112 S.E.2d 641 (1960), involving state government administrative agencies. Also, the present case is greatly different from the factual situation in Chiaffitelli v. Dettmer Hospital, Inc., 437 F.2d 429 (6th Cir. 1971). The Court accepts the committee's hearing and action in this case as satisfying procedural and substantive due process requirements. United States Constitution, Amendments V and XIV.

Judicial review of the merits of internal hospital decisions is strictly limited and the courts should not substitute their judgment for hospital agency judgment. Suess v. Pugh, 245 F.Supp. 661 (N.D.W.Va.1965); Williams v. Robinson, 139 U.S.App.D.C. 204, 432 F.2d 637 (1970); Sosa v. Board of Managers of Val Verde Memorial Hospital, 437 F. 2d 173 (5th Cir. 1971). Particularly in point is Woodbury v. McKinnon, 447 F. 2d 839 (5th Cir. 1971), involving a complaint by Dr. Philip S. Woodbury that he had been deprived of surgical privileges at Barbour County Hospital in Alabama without due process of law. At pages 842 and 843, the Court observes and holds:

> Once having become a member of the hospital surgical staff Dr. Woodbury had a right to reappointment until the governing authorities determined after a hearing conforming to the minimum requirements of procedural due process that he did not meet the reasonable standards of the hospital. The decision resulting from the hearing must be untainted by irrelevant considerations and supported by sufficient evidence to free it from arbitrariness, capriciousness or unreasonableness. This is the extent to which Dr. Woodbury is entitled to substantive due process under the United States Constitution. Foster v. Mobile County Hospital Board, 398 F. 2d 227 (5th Cir. 1968).

A doctor has no constitutional right to practice medicine in a public hospital. Hayman v. Galveston, 273 U.S. 414, 47 S.Ct. 363, 71 L.Ed. 714 (1927). However, there is no dispute that the operation of this hospital is state action and that it is required to meet the provisions of the Fourteenth Amendment in the admission of physicians to its staff. Foster v. Mobile County Hospital Board, *supra*; Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Meredith v. Allen County War Memorial Hospital Comm., 397 F.2d 33 (6th Cir. 1968); see Annot. 37 A.L.R.3d 645 (1971).

The Constitution, however, does not prevent the hospital from establishing standards for admission geared to the purpose of providing adequate hospital care. This court has recently spoken to the broad discretion that must be given to the governing board of a hospital in setting the standards and in admitting physicians to its staff. Sosa v. Board of Managers of Val Verde Memorial Hospital, 437 F.2d 173 (5th Cir. 1971). Judge Goldberg there placed in proper focus the restraint that must be exercised in judicial consideration of challenges to hospital administration.

"No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere. Courts must not attempt to take on the escutcheon of Caduceus."

In the *Woodbury* case the Court of Appeals reviewed procedural and substantive due process requirements and affirmed the District Court's dismissal of plaintiff's action on the hospital's mo-

tion for summary judgment. The Court's concluding paragraph is relevant here. It reads:

> The defendants had a duty to provide the patients of Barbour County Hospital with competent professional medical services. The practice of major surgery is a highly specialized field and is recognized as a delicate art. The citizens of Barbour County are entitled to have the defendants, who have been charged with that responsibility, make the sensitive and critical judgments as to the medical competence of the hospital staff. Once having determined that the judgment was supported by substantial evidence and was made using proper criteria, after a satisfactory hearing, on a rational basis, and without irrelevant, discriminatory and arbitrary influences, the work of the court came to an end. There was nothing further to try and the entry of summary judgment was entirely proper.

Upon a thorough review and consideration of the record in this action the Court finds and concludes that the decision of the hospital's Joint Conference Committee, affirmed by the hospital's managing board, is supported by substantial evidence in the record, is rationally based, and is constitutionally valid. As stated in the *Woodbury* case, *supra,* a "doctor has no constitutional right to practice medicine in a public hospital". For stronger reasons, he has no constitutional right to practice in a private hospital. In this case plaintiff has asserted deprivation and denials of Fifth, Ninth and Fourteenth Amendment rights, but no such violations or denials are found. The record discloses no violations or denials of his civil rights. He has been accorded an administrative hearing by a lawful and properly constituted administrative agency fully and adequately complying with and satisfying constitutional requirements. The record discloses no conduct or action by defendants manifesting arbitrariness, capriciousness or unreasonableness in the context of this case.

Defendants' motion to dismiss the complaint will be granted. Woodbury v. McKinnon, *supra.* Plaintiff's motion for leave to file an amended complaint will necessarily be denied, although the reach and breadth of the proposed amended complaint have been given careful consideration herein. Likewise plaintiff's motion for a preliminary and permanent injunction will be denied.