Robert Bruce Snow Attorney for Lykes Memorial Hospital Brooksville
QUESTION:
Does the board of trustees of a county-owned hospital created by special act have the authority or responsibility to require physicians, as a condition for membership on the medical staff of the hospital, to carry medical liability insurance, to establish minimally acceptable policy limits, and to deny membership to physicians who refuse to comply with such requirements?
SUMMARY:
The board of trustees of a county hospital created by special act of the Legislature, which is vested by enabling statute with the same powers and privileges as are vested in the governing bodies of county hospitals by Ch. 155, F. S., may regulate the admission to practice on the hospital staff and privilege of treating patients in the hospital. Therefore, it may require that staff physicians carry medical malpractice insurance in any amount established by the board of trustees. Such regulations must be applied in a fair and nondiscriminatory manner to all staff physicians who seek to practice in the hospital. They must bear a reasonable relationship to the hospital's operation and purposes and to its responsibility of providing a competent staff of physicians as well as to its responsibility to its patients and their care and well-being. The amount of malpractice insurance that may be required, however, is apparently limited to $100,000 where a physician elects to participate in a new statutory scheme permitting him to limit liability to that amount by participating in the `Florida Patient's Compensation Fund.'
Your question is based upon the following factual situation. Lykes Memorial Hospital is a hospital owned by Hernando County and governed by a board of trustees. The hospital and governing board were established by special legislative enactment in Ch. 65-1619, Laws of Florida. Section 3 of the 1965 act gave the board of trustees the power to `operate and control the operation of the hospital' and the authority to promulgate and establish reasonable rules and regulations under which the hospital shall be operated, which rules and regulations shall be subject to review and approval or disapproval of the board of county commissioners.
Chapter 67-1452, Laws of Florida, amended Ch. 65-1619, and now provides as follows:
 Section 3(1) The board of hospital trustees of Hernando County are hereby vested with all of the authority and powers, [sic] and privileges vested in hospital boards by Ch. 155, Florida Statutes.
Your question therefore becomes whether under Ch. 155, F. S., the board of trustees is authorized to require physicians to carry professional liability insurance as a condition for admission to practice on the hospital staff and for the privilege of practicing in the county hospital. That chapter affords the board of trustees of a county hospital the authority to promulgate rules or regulations concerning the privilege of treating patients in such hospital. Section 155.18 provides:
 The board of trustees of any hospital organized under this chapter is authorized to promulgate rules and regulations governing the granting and revoking of privileges to treat patients in the hospital. Such rules shall provide that only those persons licensed to practice medicine and surgery, i.e., medical doctors and osteopathic physicians, may be granted privileges to treat patients in the hospital. Such doctors and physicians may retain their privileges so long as they comply with the rules and regulations of the board of trustees.
I have considered the powers of a county hospital board of trustees under this section in AGO 077-91. I there stated that the provision grants the board a wide latitude of authority to regulate the conditions under which physicians will be allowed to practice in a county hospital. As shown above, the board of trustees of the hospital in question, though created by special act, possesses the same powers and, hence, in my opinion, may regulate in its sound (judicially reviewable) discretion the privilege of treating patients and the granting of staff privileges in the hospital in any reasonable way comporting with the constitutional guarantees of due process and equal protection.
This power, under the authority of Ch. 155, F. S., to regulate the admission to practice on the hospital staff in the county hospital includes, as stated in my earlier opinion, the power to promulgate rules and regulations requiring physicians, as a condition to being granted or continuing to hold the privilege of treating patients in such hospital, to file proof that they have in force professional liability insurance in an amount established by the board of trustees. There are, however, two limitations upon the trustees' discretion. First, all regulations must be applied equally and fairly, without discrimination, to all staff physicians who seek to practice in the hospital. They must bear a reasonable relation to the hospital's operation and purpose and to its responsibility of providing a competent staff of physicians as well as to its responsibility to its patients and their care and well-being. The governing board is, as noted, permitted wide latitude in setting the standards regarding a physician's privilege to treat patients in the hospital and the granting of staff privileges with the court's function limited to assessing their reasonableness and fairness in accordance with constitutional requirements. See Sosa v. Board of Managers of the Val Verde Memorial Hospital, 437 F.2d 173 (5th Cir. 1971); Woodbury v. McKinson, 447 F.2d 839 (5th Cir. 1971); and Pollock v. Methodist Hospital, 392 F. Supp. 393 (E.D.La. 1975).
Finally, I would call attention to Ch. 77-64, Laws of Florida, an act relating to medical malpractice. It appears to provide a method by which a physician may limit his liability for medical malpractice to $100,000 by posting a $100,000 bond per claim, proving financial responsibility in that amount by establishing an escrow account, or obtaining that amount of medical malpractice insurance and participating in the `Florida Patient's Compensation Fund' which pays any amount of a medical malpractice claim over $100,000 so long as the other conditions are met. This act would appear to place a limit of $100,000 upon the amount of insurance a hospital could require a physician electing to participate in the program to carry.
Prepared by: Frank A. Vickory, Assistant Attorney General