420 F.2d 1257
 Ronnie STRICKLIN, Richard B. Rosenfeld and James Michael
Strickler, Plaintiffs- Appellees,
v.
The REGENTS OF the UNIVERSITY OF WISCONSIN and the President
of the University of Wisconsin, Defendants-Appellants.
 No. 17597.
 United States Court of Appeals Seventh Circuit.
 Jan. 13, 1970.
 
 Robert W. Warren, Atty. Gen., Charles A. Bleck, Warren M. Schmidt, Asst. Attys. Gen., Dept. of Justice, Madison, Wis., for defendants-appellants.
 Sander N. Karp, Percy L. Julian, Jr., Madison, Wis., W. Haywood Burns, Jack Greenberg, Michael Meltsner, New York City, for plaintiffs-appellees.
 Before KILEY, FAIRCHILD and CUMMINGS, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 The Regents and President of the University of Wisconsin have appealed from an interlocutory order, in a civil rights class action,[1] ordering them to reinstate as students the three named plaintiffs who had been temporarily suspended from the University.
 
 
 2
 Plaintiffs, students then in good standing at the University of Wisconsin, were arrested February 27, 1969, during campus disorders. On March 6 the Regents met and, after hearing a report from the University security agency that plaintiffs had participated in the February 27, and earlier, campus disorders, adopted a resolution suspending the plaintiffs 'immediately' pending the filing of charges by the University administration, on or before March 8, to be heard on March 19. A 'hearing agent' was named to conduct the hearing and report his findings of fact and recommendations to the Regents for review and action by them.
 
 
 3
 On March 7, the day after the Regents' meeting, plaintiffs filed a class action civil rights complaint in the district court alleging violations of Fourteenth Amendment due process and equal protection rights on the grounds that they were not informed-- before the Regents' March 6 action suspending them-- of the charges against them, and that they had no notice of the meeting and no opportunity to be heard. They sought a declaration that their summary suspension was unlawful and an injunction against enforcement of the suspension and against the refusal of the Regents to reinstate them as students. They also moved for a 'temporary restraining order' to stay the suspension pending ultimate determination of the charges to be filed against them on March 8 by virtue of the Regents' resolution.
 
 
 4
 On March 12 a hearing was held on plaintiffs' motion, and on March 13 the district court filed an Interim Opinion and Order, which was amended on March 14. The substance of this entry was to lay ground rules with respect to the burden of proof. The only definitive finding was that the plaintiffs had met their burden to establish prima facie that their suspension was for a substantial period of time without previous specification of charges, notice of hearing and opportunity to be heard; and that the Regents had the burden of showing that the summary termination[2] of each of the plaintiffs-- pending the ultimate disposition of charges filed against them-- was required by reasons relating to the physical or emotional safety and well-being of the plaintiffs and of other students, faculty, other personnel and University property. Additional affidavits were then submitted.
 
 
 5
 On March 18, the day before the full hearing of charges was scheduled to begin, the district court entered the Opinion and Order before us. The court, having established federal question jurisdiction, found: that the Regents acted under color of state law; that prior to the Regents' meeting of March 6 plaintiffs were given no notice or specification of charges and had no opportunity to be heard at the meeting; that since that meeting they were given no opportunity to be heard on the question whether their 'immediate' suspension should be continued pending ultimate determination of charges against them; and that the Regents had no intention of reinstating plaintiffs as students during that interim period.
 
 
 6
 The court found that the Regents had not met the burden defined in the court's March 13 Interim Opinion and Order. It concluded that under the Regents' by-laws, as well as under the Fourteenth Amendment, plaintiffs were denied due process because the Regents had made no showing 'whatever' that it was impossible or unreasonably difficult to have provided a preliminary hearing prior to the interim suspension order, or a hearing since March 6 on the question whether the interim suspension should continue until completion of the full hearing and the Regents' ultimate determination thereafter. The court ordered plaintiffs reinstated at noon March 19, without prejudice to the Regents' rights to impose interim suspension under the due process procedures outlined in the opinion, and to proceed with the full hearing on the charges filed and take appropriate action thereafter. This appeal followed.
 
 
 7
 Plaintiffs contend that the March 18, 1969, order is not appealable and that even if it is, the issue presented to us is moot.
 
 
 8
 We hold the order is appealable. While contending that a temporary restraining order is not appealable under 28 U.S.C. 1292(a)(1), plaintiffs-appellees concede that the label used by the parties in the district court is not controlling on the appealability question. The order under consideration was entered after notice, a March 12 hearing, and a subsequent consideration of additional affidavits, findings of fact and conclusions of law. The order granted affirmative substantive relief. See International Products Corp. v. Charles A. Koons & Co., 325 F.2d 403, 406 (2d Cir. 1963). These elements were not present in an order held not appealable in Austin v. Altman, 332 F.2d 273 (2d Cir. 1964), relied on by plaintiffs. The fact that other issues raised by the pleadings in the district court are still pending there does not preclude appealability. American Cyanamid Co. v. Lincoln Laboratories, Inc., 403 F.2d 486, 488 (7th Cir. 1968).
 
 
 9
 We decide, however, that the issue presented to us is moot. The full hearing upon the charges filed against plaintiffs by the Regents has been completed, and plaintiffs have been expelled from the University. The March 18 order, which allowed the Regents to proceed with the hearing scheduled for March 19, became functus officio when the Regents took final action after completion of the full hearing.
 
 
 10
 We are not persuaded by the Regents' arguments that we should decide the issue of whether due process requires the procedural safeguards, imposed by the district court, prior to an immediate suspension pending a final hearing because of its great public importance; that we should furnish a guide for conduct of 'school authorities'; and that the result of a mootness finding will leave standing a precedent militating against school authorities properly dealing, in the future, with additional problems of student discipline.
 
 
 11
 Although we hold the March 18 order is appealable, it does not follow that its provisions were of great public importance. It affected only the three named plaintiffs, and them only for the short period until they were expelled in further disciplinary proceedings. We are not disposed on the record before us to decide a moot issue simply because, as contended by counsel for the Regents, the issue will probably arise in the future. Brockington v. Rhodes, 396 U.S. 41, 90 S.Ct. 206, 24 L.Ed.2d 209 (U.S. Nov. 24, 1969); Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (U.S. Nov. 24, 1969).
 
 
 12
 Appellants rely on the decision in Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963), where the Supreme Court declined to find mootness despite the voluntary abandonment by the State of Georgia of its illegal practice of using the county unit system in primary elections. The Court thought that if the complaint was dismissed the laws establishing the county unit system would remain on the books, would govern elections, and 'appellants would be 'free to return to * * * (their) old ways." Id. at 376, 83 S.Ct. at 806. There the Georgia laws had been held void under Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Here, however, the Regents' by-laws[3] have not been held invalid; rather, the district court thought their provisions coincided with requirements of due process and were not complied with as to these plaintiffs. And, further, we cannot speculate that the three students will be readmitted to the University and will subsequently cause the Regents to continue 'their old ways.' This consideration renders Boggess v. Berry Corp., 233 F.2d 389, 391, 16 Alaska 256 (9th Cir. 1956), and Pierce v. La Vallee, 293 F.2d 233, 234 (2d Cir. 1961), inapposite.
 
 
 13
 The appeal from the district court's order granting a temporary restraining order is hereby dismissed. The dismissal of the appeal, however, should not be read as an approval of the order.
 
 
 14
 Appeal dismissed.
 
 
 
 [1]
 Jurisdiction is asserted under 28 U.S.C. 1331, et seq., 42 U.S.C. 1981, 1983, and 1985, and the Fourteenth Amendment; the complaint also seeks declaratory judgment relief under 28 U.S.C. 2201, 2202
 
 
 [2]
 On March 14 the words 'summary termination' were substituted for the words 'continued presence' in the order
 
 
 [3]
 The by-laws, chap. V, Sec. 5(b), read:
 (1) The administration may, in those cases where there is a strong indication that a student's misconduct will be repeated or continued or where the administration believes it is necessary to permit the University to carry on its functions, impose immediate suspension with resultant loss of all student rights and privileges, pending hearing before the all-faculty disciplinary committee. The student has a right to immediate hearing on the limited question of whether suspension should remain in effect until the full hearing is completed.
 (2) In all situations other than set out in (1) above, the Administration, after adequate investigation and notice and opportunity to be heard to the student, is empowered to impose any disciplinary punishment less severe than suspension. In any such case a student may appeal and request a hearing before the all-faculty disciplinary committee.