Luis J. LAJE, Plaintiff-Appellee,

v.

R. E. THOMASON GENERAL HOSPITAL, Defendant-Appellant.

No. 76–1496.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1977.

Rehearing and Rehearing En Banc Denied Feb. 1, 1978.

James K. Read, El Paso, Tex., L. W. Anderson, C. A. Searcy Miller, Dallas, Tex., for defendant-appellant.

Broadus A. Spivey, Austin, Tex., for plaintiff-appellee.

Before TUTTLE, COLEMAN and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

In this appeal, R. E. Thomason General Hospital challenges the correctness of a district court order which directed the county hospital to grant staff privileges to Dr. Luis Laje because the hospital's denial of privileges was not supported by substantial evidence of incompetence and insubordination, the asserted grounds for the refusal of privileges.

The lawsuit originated upon Dr. Laje's complaint in which he sought compensatory and punitive damages of $380,000 because of a deprivation of procedural due process in the hospital's termination of his contract as clinical director of psychiatry and its subsequent refusal to grant him staff privileges. Jurisdiction was based upon 28 U.S.C. § 1343(3) and (4), the jurisdictional companion to 42 U.S.C. § 1983, and upon 28 U.S.C. § 1331(a), the federal question section. Because the complaint alleges an unconstitutional deprivation of property without due process of law and the requisite jurisdictional amount, we find jurisdiction proper under § 1331. Therefore, we need not determine whether the hospital is a person for purposes of section 1983. *See*

*Muzquiz v. City of San Antonio,* 528 F.2d 499 (5th Cir. 1976) (en banc). We further hold that appellate jurisdiction exists on the basis of 28 U.S.C. § 1292(a)(1) because the interlocutory order challenged here was in the nature of an injunction.

The facts upon which this lawsuit is based can be briefly stated. In 1971 Dr. Laje entered a two-year contract to serve as clinical director of psychiatry at R. E. Thomason General Hospital. After 13 months he was summarily discharged on grounds of insubordination. Shortly thereafter, Dr. Laje applied for staff privileges at the hospital. His request was referred to the Psychiatric Committee, which failed to take any action within the three-month limit specified in the hospital by-laws. When the three-month period had elapsed, the hospital's Executive Committee initially recommended granting privileges. Meanwhile, however, the Psychiatric Committee met and decided to recommend against privileges for Dr. Laje. The Executive Committee apparently reversed its earlier decision, but the only notice sent to Dr. Laje was unclear on the status of his request. After futile attempts to obtain a hearing, Dr. Laje filed suit.

Upon a motion by the hospital, the district court remanded the matter to the hospital's Board of Managers for a hearing on the issue of denial of privileges; matters relating to the discharge issue were held in abeyance.[1] The court's remand order directed the hospital to provide Dr. Laje with a bill of particulars and a list of witnesses. The hospital also made relevant hospital records available for Dr. Laje's inspection. Pursuant to the remand order, a two-day hearing was held before the hospital board. Dr. Laje was permitted to cross-examine the hospital's witnesses and to present evidence of his own; he was represented by counsel throughout the proceedings.

At the hearing Dr. Marks, the medical director of the hospital, and several psychiatrists testified for the hospital. They dis-cussed 11 patients who had been treated by Dr. Laje during his tenure as clinical director and testified that he had misdiagnosed several of these patients. Specific examples were cited by the doctors, although Dr. Laje challenges their familiarity with the patients. While the testimony was not perfectly consistent, several doctors expressed the opinion that Dr. Laje's treatment of patients was below an acceptable measure of competence. On the issue of insubordination, testimony was elicited to show that Dr. Laje had refused to cooperate in the treatment of drug addicts, a point disputed by Dr. Laje, and that he had breached hospital policy by using leg irons to restrain a prisoner-patient. Dr. Laje insisted that the sheriff had ordered the use of shackles and that a state law gave this authority to the sheriff. Certain evidence showed that Dr. Laje's relationship with Dr. Marks was strained; Dr. Laje felt that Dr. Marks was interfering with his professional judgment and requested that Dr. Marks put his orders in writing if he wished Dr. Laje to comply with them. Dr. Laje presented the deposition of a statistician who criticized the nonrandom selection of the patients whose cases were scrutinized and the statistically unreliable size of the sample pool.

Some time after the hearing, the board decided to deny privileges by a vote of four to one upon grounds of incompetence and insubordination. By amended complaint Dr. Laje sought to have the board's decision reversed. Additionally, he filed a motion requesting the district court to order the hospital to grant him privileges because of a lack of substantial evidence to support the board's decision. The district court granted this motion in an opinion dated February 6, 1976, stating:

> This Court does not believe that the Board's decision is supported by substantial evidence. The minutia of cases selected for examination—.0082 percent of the cases treated by Plaintiff during the

---

1. The contract termination count of Dr. Laje's complaint has not yet been considered on its merits by the district court, although a motion to dismiss the count has been denied. Consequently, that portion of the case is not part of this appeal.

year—the unscientific and inadequate selection of those cases, and the hasty manner in which those cases were examined upon all of which the Board's decision of incompetency was made and the conflicting testimony of Defendant's doctors regarding Plaintiff's treatment of these cases does not provide a substantial evidentiary foundation for the Board's determination of incompetency.

Likewise, the charge of insubordination is not supported by substantial evidence. It appears to relate purely to personality conflicts between Plaintiff and Dr. Marks and is not founded on any substantial medical basis.

The court's order was stayed pending the outcome of this appeal.

In reaching its decision, the district court verbalized an accurate definition of the substantial evidence test when it said: "On a review governed by the substantial evidence rule, the issue is not whether the agency arrived at the proper conclusion on the basis of conflicting evidence, but whether it acted arbitrarily and without regard to the facts."

However, in overruling the decision of the board, the court strayed from its own directive and substituted its own judgment for that of the hospital board. In doing so, it "misconceive[d] the limited scope of judicial review in cases of this kind." *Woodbury v. McKinnon*, 447 F.2d 839, 846 (5th Cir. 1971).

▪ The correct approach to the judicial review of the hospital's denial of staff privileges is set out in *Woodbury v. McKinnon, supra*, and *Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173 (5th Cir. 1971). Those cases make clear that the decision of a hospital's governing body concerning the granting of hospital privileges is to be accorded great deference. This is so because of the court's obvious lack of medical expertise. Judicial intervention must be limited to an assessment of those factors which are within the court's expertise to review. For this reason, our cases have gone no further than to require that the procedures employed by the hospital are fair, that the standards set by the

hospital are reasonable, and that they have been applied without arbitrariness and capriciousness. *Woodbury v. McKinnon*, 447 F.2d at 845. As we stated in *Woodbury*, "[t]he decision resulting from the hearing must be untainted by irrelevant considerations and supported by sufficient evidence to free it from arbitrariness, capriciousness or unreasonableness." *Id.* at 842.

▪ In this case, it is clear that the hearing conducted on remand to the board comported with the procedural requisites of due process. Dr. Laje received notice of the charges, and he had an opportunity to present his own evidence and to cross-examine the hospital's witnesses. Moreover, Dr. Laje has failed to convince us that the hospital board was not an impartial decisionmaker. *See Megill v. Board of Regents of The State of Florida*, 541 F.2d 1073 (5th Cir. 1976); *Woodbury v. McKinnon, supra; Ferguson v. Thomas*, 430 F.2d 852 (5th Cir. 1970). The record does not demonstrate the actual bias needed for disqualification of an administrative tribunal. *Megill, supra*, at 1079.

▪ As for the substantiality of the evidence upon which the board's adverse decision was based, we find that the record contains sufficient evidence to support the denial of privileges. The evidence presented at the hearing related to the level of Dr. Laje's professional competence and his ability to function smoothly in the hospital setting. Thus, the board complied with this Court's guideline in *Sosa* that "in exercising its broad discretion the board must refuse staff applicants only for those matters which are reasonably related to the operation of the hospital." 437 F.2d at 176–77. To discount the evidence against Dr. Laje because of statistical flaws in the nonrandom selection of cases and the small sample size is improper. The hospital, and not the courts, must set the level of competence to be required of staff members. As we recognized in *Sosa*, "[t]he governing board of a hospital must therefore be given great latitude in prescribing the necessary qualifications for potential applicants." *Id.* at 176.

While not every witness agreed that Dr. Laje's performance was unacceptable, the

board heard sufficient evidence of the kind relevant to its decision to support its denial of privileges. As we said in *Sosa* :

> No court should substitute its evaluation of such matters for that of the Hospital Board. It is the Board, not the court, which is charged with the responsibility of providing a competent staff of doctors. The Board has chosen to rely on the advice of its Medical Staff, and the court cannot surrogate for the Staff in executing this responsibility. Human lives are at stake, and the governing board must be given discretion in its selection so that it can have confidence in the competence and moral commitment of its staff. The evaluation of professional proficiency of doctors is best left to the specialized expertise of their peers, subject only to limited judicial surveillance. The court is charged with the narrow responsibility of assuring that the qualifications imposed by the Board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere.

437 F.2d at 177.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.