420 So.2d 315 (1982)
Clifton L. DANCE, Jr., M.D., Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward General Medical Center, Appellee.
No. 81-1495.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
Rehearing Denied October 28, 1982.
Frank D. Newman of Sams, Gerstein & Ward, P.A., Miami, for appellant.
Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale (Ellen Mills Gibbs, Fort Lauderdale, of counsel), for appellee.
BERANEK, Judge.
Clifton L. Dance, a physician, appeals his permanent suspension from the medical staff of Broward General Medical Center, and from practicing in any of the three hospitals operated by the North Broward Hospital District. Dr. Dance was summarily suspended by the Chief of Surgery and the Hospital Administrator of the Broward General Medical Center. His suspension was made permanent after three full administrative hearings. Dr. Dance was observed replacing syringes containing sublimaze (a potent pain killer) with syringes containing a saline solution and then injecting the saline solution into patients. Dance recorded sublimaze injections on the patients' records. No one, including the patients, was advised of these procedures. Dr. Dance admitted the syringe switching procedure and eventually gave at least two somewhat inconsistent explanations for his conduct.
After his initial temporary suspension a probable cause hearing occurred before the Medical Council, which is the executive committee of the hospital medical staff. Thereafter, a full evidentiary hearing occurred before the District Membership Committee, which is also composed of physicians. Thereafter, a further full evidentiary hearing occurred before the Board of Commissioners of the Hospital District, which is the governing body of the District. The Board of Commissioners is a lay board.
Appellant raises numerous points, all of which we find to be without merit. This was a proceeding whereby Dr. Dance's privilege of practicing medicine in the particular hospitals of the District was suspended. It is not a license revocation proceeding nor *316 is it criminal in nature. Further, the parties have agreed the case is not governed by Florida's Administrative Procedure Act.[1]
We conclude that there was adequate evidence upon which to base permanent suspension. The physicians composing the various administrative bodies below are clearly possessed of great medical expertise and also had the obligation of securing the quality of patient care within the hospitals of the District in accordance with the bylaws of the District. This Court will afford great deference to such expert governing bodies. Judicial intervention is only necessary or appropriate when suspension procedures are unfair or when the standards set by the hospital are unreasonable or applied arbitrarily or capriciously. There has been no such demonstration herein, and the order appealed from is affirmed. See Citta v. Delaware Valley Hospital, 313 F. Supp. 301 (E.D.Pa. 1970); Laje v. R.E. Thomason General Hospital, 564 F.2d 1159 (5th Cir.1978).
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] In view of this agreement we expressly refrain from any consideration of the Administrative Procedure Act and from any decision on its application herein.