**Seymour SCHULNER, Plaintiff-Appellee,**

v.

**JACK ECKERD CORPORATION, et al., Defendants-Appellants.**

No. 82–5013.

United States Court of Appeals, Eleventh Circuit.

June 6, 1983.

Thomas M. Gonzalez, Charles P. Schropp, Raymond T. Elligett, Jr., Shackleford, Farrior, Stallings & Evans, Tampa, Fla., for defendants-appellants.

Kathleen Phillips, Coral Gables, Fla., for plaintiff-appellee.

---

**1114**

Before GODBOLD, Chief Judge, and ANDERSON, Circuit Judge, and GOLDBERG *, Senior Circuit Judge.

PER CURIAM:

Jack Eckerd Corporation and J. Byrons Enterprises appeal under 28 U.S.C.A. § 1292(a)(1) (West 1982) from an order directing them to reinstate plaintiff to his former position as Merchandise Manager. This order was entered after a jury found for the plaintiff on his claim under the Age Discrimination in Employment Act. 29 U.S.C.A. § 621, *et seq.* (West 1982). The issue of compensatory damages was reserved for determination by the trial court, and a final judgment has yet to be entered.

■ It is well-established that the granting of an injunction is appealable as an interlocutory order even though the trial court may have reserved its determination of remaining issues, such as compensatory damages. *See, e.g., Laje v. R.E. Thomason General Hospital,* 564 F.2d 1159, 1161–62 & n. 1 (5th Cir.1977), *cert. denied,* 437 U.S. 905, 98 S.Ct. 3091, 57 L.Ed.2d 1134 (1978);[1] *Williams Electronics v. Artic International, Inc.,* 685 F.2d 870, 871 (3d Cir.1982); *United States v. County of Humboldt,* 615 F.2d 1260, 1261 (9th Cir.1980); *Williams v. St. Louis Diecasting Corp.,* 611 F.2d 1223, 1224 (8th Cir.1979); *Garzaro v. University of Puerto Rico,* 575 F.2d 335, 337–38 (1st Cir. 1978). It is also clear that the trial court's order that plaintiff be reinstated pending a determination of damages was "in the nature of an injunction." *Laje v. R.E. Thomason General Hospital,* 564 F.2d at 1161;[2] *see Carson v. American Brands, Inc.,* 450 U.S. 79, 84–86, 101 S.Ct. 993, 996–98, 67 L.Ed.2d 59 (1981); *Roberts v. St. Regis Paper Co.,* 653 F.2d 166, 169–70 (5th Cir. 1981); *Tokarcik v. Forest Hills School Dis-*

*trict,* 665 F.2d 443, 446–47 (3d Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982); *Lewis v. Tobacco Workers' International Union,* 577 F.2d 1135, 1138–39 (4th Cir.1978), *cert. denied,* 435 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 56 (1979); *Stricklin v. Regents of the University of Wisconsin,* 420 F.2d 1257, 1258–59 (7th Cir.1970). *See generally,* C. Wright & A. Miller, 16 Federal Practice & Procedure: Jurisdiction § 3922, at 29 (1977). We therefore hold that the reinstatement order is appealable under § 1292(a)(1) as an interlocutory order granting an injunction.

■ Finding no merit in appellants' several arguments regarding the propriety of the reinstatement order, we affirm.

AFFIRMED.

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

2. In *Laje,* the plaintiff, a psychiatrist, had been discharged from a hospital and denied staff privileges. The trial court, while reserving its decision as to the legality of the plaintiff's termination, ordered the hospital to grant him staff privileges. The court held that this order was appealable as an injunction under § 1292(a)(1). *See* 564 F.2d at 1161.