758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY WOODARD, JR., PLAINTIFF-APPELLANT,
v.
INTERNAL REVENUE SERVICE, AND MARY BUTLER, DEFENDANTS-APPELLEES.
 NO. 84-5520
 United States Court of Appeals, Sixth Circuit.
 2/15/85
 
 ORDER
 BEFORE: KEITH, MARTIN, and KRUPANSKY, Circuit Judges.
 
 
 1
 This pro se plaintiff, who is proceeding in forma pauperis on appeal, moves the Court to consider this case on the original record without an appendix. Plaintiff is appealing from a district court order dismissing his suit in which he challenged the denial of his claimed right to a sick pay exclusion dating back to May 10, 1968. The plaintiff sought declaratory, injunctive and monetary relief against the Internal Revenue Service and against one of its employees. Determining that relief against the Internal Revenue Service was barred under the Anti-Injunction Act and under the Federal Tort Claims Act, the district court dismissed the suit as to the Internal Revenue Service and yet authorized service of process to issue against the employee.
 
 
 2
 In response to the plaintiff's motion, the government states that this appeal should be dismissed because no certification was entered by the district court under Rule 54(b), Federal Rules of Civil Procedure, and because exceptional circumstances do not exist to warrant this appeal to proceed as an interlocutory appeal from an order denying injunctive relief. In his reply, plaintiff states that he should be permitted to proceed with his case because the government has committed fraud and he has presented a valid claim as a military veteran.
 
 
 3
 Since the district court dismissed the suit as it was brought against the Internal Revenue Service, the order had the practical effect of refusing to issue injunctive relief against this party. Even though other claims and a party may still be pending in the litigation, a party may seek to appeal an order denying injunctive relief under these circumstances without the necessity of also seeking a certificate under Rule 54(b), Federal Rules of Civil Procedure. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976); Alexander v. Aero Lodge No. 735, Intern. Ass'n., Etc., 565 F.2d 1364, 1370 (6th Cir. 1977), cert. denied, 436 U.S. 946 (1978); Schulner v. Jack Eckerd Corp., 706 F.2d 1113 (11th Cir. 1983). In deference to Congressional policy against piecemeals appeals, however, the Supreme Court has ruled that interlocutory appeals from orders denying injunctive relief should be allowed only if the litigant can show that the district court's order might have a 'serious, perhaps irreparable consequence,' and that the order can be 'effectually challenged only by immediate appeal.' Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981). See also Metex Corporation v. ACS Industries, Inc., 748 F.2d 150 (3rd Cir. 1984); South Bend Consumers Club v. United Consumers Club, 742 F.2d 392, 393 (7th Cir. 1984); In re: Flight Transp. Corp. Securities Litigation, 730 F.2d 1128, 1133 (8th Cir. 1984).
 
 
 4
 It is concluded in this case that exceptional circumstances are not present to warrant interlocutory review of the district court's order. There are no irreparable consequences present which cannot be remedied by a later appeal from the final judgment, and the plaintiff still has pending in the district court the merits of his claimed right to a sick pay exclusion.
 
 
 5
 For these reasons, the plaintiff's motion is hereby denied and this appeal is hereby dismissed for lack of jurisdiction pursuant to Rule 9(d)(1), Rules of the Sixth Circuit.