JORGENSON, Judge.
Herbert Pardell, D.O., appeals from orders granting Humana Medical Plan, Inc.’s motion for summary judgment on one count of his complaint and dismissing the other counts for failure to state a claim. We affirm.
Dr. Pardell was denied staff privileges with Humana Medical Plan, Inc. [Humana], a health maintenance organization (HMO), after proceedings before Humana’s Credentials Committee and its Provider Grievance Committee. Dr. Pardell sued Humana for breach of implied contract, breach of third-party beneficiary contract, breach of internal standards or bylaws, and equitable es-toppel. Upon Humana’s motion the trial court dismissed all counts except that for breach of internal standards and granted Humana’s motion in limine to hold the record of its Provider Grievance Committee immune from discovery pursuant to section 766.101(5), Florida Statutes (Supp.1988).[1] *1250 Humana moved for summary judgment on the remaining count; the trial court granted the motion and entered judgment for Humana.
On appeal, Dr. Pardell argues that the trial court erred in granting the motion in limine by applying section 766.101(5) to an HMO. This position is without merit. Section 766.101(l)(a)(l)(a) expressly includes an HMO’s medical review committee within the definition of a peer review committee. Moreover, the privilege created by section 766.101(5) extends not only to the individual members of a peer review committee, as Dr. Pardell asserts, but encompasses the institutional committee itself. Holly v. Auld, 450 So.2d 217 (Fla.1984) (interpreting section 768.40, Florida Statutes (1983), renumbered as section 766.-101(5)).
Dr. Pardell next argues that the trial court erred in ruling only that Dr. Pardell received adequate notice and opportunity to be heard in accordance with Hu-mana’s Credentialing Manual and in refusing to review the substance of Huma-na’s decision. We agree with the trial court. The scope of judicial review afforded physicians from adverse credentialing decisions is severely delimited as courts have recognized that a health care institu- ' tion must be given a wide latitude of professional discretion to determine who is fit to treat its patients. North Broward Hosp. Dist. v. Mizell, 148 So.2d 1, 3-4 (Fla.1962). “Judicial intervention is only necessary or appropriate when ... procedures are unfair or when the standards set by the hospital are unreasonable or applied arbitrarily or capriciously.” Dance v. North Broward Hosp. Dist., 420 So.2d 315, 316 (Fla. 4th DCA 1982). The trial court thus correctly declined to delve into the merits of Humana’s rejection of Dr. Par-dell’s application. Moreover, the trial court did not err in finding that the process afforded Dr. Pardell was adequate and reasonable and complied with Humana’s Credentialing Manual. Dr. Pardell claims that he was not a new applicant to Humana but had been practicing with International Medical Centers, Humana’s predecessor, for over three years.[2] As a physician already in the system, he argues, he was entitled to more process pursuant to Huma-na’s Credentialing Manual than he received. However, had Dr. Pardell been treated merely as a new applicant seeking initial credentials, he would not have been entitled to a formal grievance process upon the initial denial of his application. Huma-na provided Dr. Pardell a hearing before the Provider Grievance Committee upon denial of his application by the Credentials Committee — a step afforded only to physicians who were established providers.[3]
Therefore, we find no error in the trial court’s entry of final summary judgment. We further hold that the trial court correctly dismissed Dr. Pardell’s claims for breach of contract, breach of third-party beneficiary contract, and equitable estoppel.
Affirmed.

. Section 766.101(5) provides in pertinent part: The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, *1250 or other actions of such committee or any members thereof.

. International Medical Centers [IMC] had denied Dr. Pardell’s application for credentialing although Dr. Pardell contends that he never received notice of the rejection of his application. Nevertheless, Dr. Pardell maintained a practice as an IMC physician.

. Dr. Pardell was notified to appear before the Credentials Committee to review five patient files. Only three of those files pertained to patients whom he had treated. Whether Huma-na's decision to deny Dr. Pardell's application was based upon three or five patient files, the process he received met or exceeded the procedures outlined in Humana’s credentialing manual.