89 F.3d 827
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Victor N. AMBRUOSO, Plaintiff-Appellant,
v.
James C. McGEORGE, M.D.; Noel Doromal, M.D.; Stan A.
Rampey, M.D.; Henry Salzarulo, M.D.; Oconee
Memorial Hospital, Defendants-Appellees,
and
Paul Thompson, M.D.; Lark Schultz, Defendants.
 No. 95-2876.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1996.
Decided June 6, 1996.
 
 ARGUED: Arthur Camden Lewis, LEWIS, BABCOCK & HAWKINS, Columbia, South Carolina, for Appellant. Vincent Clark Price, LOVE, THORNTON, ARNOLD & THOMASON, Greenville, South Carolina, for Appellee Oconee Memorial; Sarah Shannon McMillan, HAYNSWORTH, MARION, MCKAY & GUERARD, L.L.P., Greenville, South Carolina, for Appellees McGeorge, Doromal, Rampey, and Salzarulo. ON BRIEF: Mark W. Hardee, LEWIS, BABCOCK & HAWKINS, Columbia, South Carolina, for Appellant.
 Before WILKINSON, Chief Judge, and HALL and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Victor N. Ambruoso appeals an order of the district court granting summary judgment to the defendants, Oconee Memorial Hospital and four of its staff physicians, in Ambruoso's suit alleging violations of due process and of state common law arising from the termination of his staff privileges at the hospital. We have considered the briefs and heard the arguments of the parties, and we affirm the judgment of the district court for the reasons, with one minor exception, stated in that court's memorandum opinion. Ambruoso v. McGeorge, No. 8:94-2149-3 (D.S.C., Aug. 16, 1995).
 
 
 2
 The district court held that Ambruoso had made no request for injunctive relief. Memorandum Opinion, at 3 n. 1. We believe that he did, but that the form of relief requested is not available from a court. The amended complaint stated, "The Plaintiff would further pray that the court review de novo the actions of Oconee Memorial Hospital in suspending the Plaintiff and denying him hospital privileges and order that the suspension be lifted and that his privileges be reinstated." We have no special competence to review medical staffing decisions. Our narrow role in the peer-review context is to assure that the process of that review comports with the law; the ultimate result is not our concern. Even if we were to conclude that the process afforded Ambruoso was insufficient--and no rational trier of fact could so conclude--we could not review the staffing decision de novo or order that Ambruoso's privileges be reinstated. Upon directing that sufficient process be afforded, we would exhaust our equitable power. Laje v. R.E. Thomason General Hospital, 564 F.2d 1159, 1162-1163 (5th Cir.1977). Accordingly, while Ambruoso has requested injunctive relief, he has not stated a cognizable claim for injunctive relief.
 
 
 3
 The judgment of the district court is affirmed.
 
 AFFIRMED