**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTOR N. AMBRUOSO,
Plaintiff-Appellant,

v.

JAMES C. MCGEORGE, M.D.; NOEL
DOROMAL, M.D.; STAN A.
RAMPEY, M.D.; HENRY
SALZARULO, M.D.; OCONEE            No. 95-2876
MEMORIAL HOSPITAL,
Defendants-Appellees,

and

PAUL THOMPSON, M.D.; LARK
SCHULTZ,
Defendants.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CA-94-2149-8-3)

Argued: May 6, 1996

Decided: June 6, 1996

Before WILKINSON, Chief Judge, and HALL and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Arthur Camden Lewis, LEWIS, BABCOCK & HAW-KINS, Columbia, South Carolina, for Appellant. Vincent Clark Price, LOVE, THORNTON, ARNOLD & THOMASON, Greenville, South Carolina, for Appellee Oconee Memorial; Sarah Shannon McMillan, HAYNSWORTH, MARION, MCKAY & GUERARD, L.L.P., Greenville, South Carolina, for Appellees McGeorge, Doromal, Rampey, and Salzarulo. **ON BRIEF:** Mark W. Hardee, LEWIS, BAB-COCK & HAWKINS, Columbia, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. Victor N. Ambruoso appeals an order of the district court granting summary judgment to the defendants, Oconee Memorial Hospital and four of its staff physicians, in Ambruoso's suit alleging violations of due process and of state common law arising from the termination of his staff privileges at the hospital. We have considered the briefs and heard the arguments of the parties, and we affirm the judgment of the district court for the reasons, with one minor exception, stated in that court's memorandum opinion. Ambruoso v. McGeorge, No. 8:94-2149-3 (D.S.C., Aug. 16, 1995).

The district court held that Ambruoso had made no request for injunctive relief. Memorandum Opinion, at 3 n.1. We believe that he did, but that the form of relief requested is not available from a court. The amended complaint stated, "The Plaintiff would further pray that the court review de novo the actions of Oconee Memorial Hospital in suspending the Plaintiff and denying him hospital privileges and order that the suspension be lifted and that his privileges be reinstated."

2

We have no special competence to review medical staffing decisions. Our narrow role in the peer-review context is to assure that the process of that review comports with the law; the ultimate result is not our concern. Even if we were to conclude that the process afforded Ambruoso was insufficient -- and no rational trier of fact could so conclude -- we could not review the staffing decision de novo or order that Ambruoso's privileges be reinstated. Upon directing that sufficient process be afforded, we would exhaust our equitable power. Laje v. R. E. Thomason General Hospital, 564 F.2d 1159, 1162-1163 (5th Cir. 1977). Accordingly, while Ambruoso has requested injunctive relief, he has not stated a cognizable claim for injunctive relief.

The judgment of the district court is affirmed.

AFFIRMED

3