**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided March 30, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-2734

| | |
|---|---|
| MARK P. STAFFA,<br>        *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CV-5 |
| WILLIAM POLLARD, *et al.*,<br>        *Defendants-Appellees*. | Rudolph T. Randa,<br>*Judge*. |

### O R D E R

Mark Staffa, a Wisconsin inmate, claims in a lawsuit under 42 U.S.C. § 1983 that a doctor and other officials at Waupun Correctional Institution have failed to treat skin and stomach infections caused by unsanitary conditions at the prison. Staffa filed four requests—all unsuccessful—seeking a preliminary injunction compelling his immediate hospitalization and also the release of undisclosed medical information. The fourth of these motions was filed after the defendants already had moved for summary judgment

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

on the merits, and the district court's adverse ruling on Staffa's motion prompted this interlocutory appeal. We affirm the court's decision.

Staffa has been at Waupun since 2006 and repeatedly suffered from sores, rashes, and scabs on his face, neck, chest, back, arms, and legs. (He had skin problems before arriving at the prison, but the nature of those prior conditions is not clear from the record.) Over time the medical staff conducted multiple skin cultures and diagnosed bacterial infections including staph, impetigo, and Enterobacter. Staffa was prescribed oral and topical antibiotics, which worked only temporarily. His symptoms would periodically recur, prompting a new round of diagnosis and treatment.

Beginning in 2009, Staffa was sent to outside specialists. The first, a doctor specializing in infectious diseases, concluded that Staffa had a "noninfectious dermatological problem" and should be seen by a dermatologist. A dermatologist then opined that Staffa's "recurrent lesions" were likely caused by chronic "acne/folliculitis." The dermatologist recommended a continuing regimen of antibiotics and daily washing with a peroxide solution. More dermatologic appointments followed, but Staffa soon began complaining about other issues, including headaches and a lump on his rib cage that he said was causing constipation. In 2012 he was diagnosed with H. pylori, a common bacteria that resides in the digestive system and can cause ulcers.

Staffa sued in January 2013 and first requested a preliminary injunction three months later. Recently, he explained, he had "lost 3 units of blood" after an infection "caused a large blister in his colon" to burst. And, he added, the Waupun medical staff had been concealing the extent of this infection, which soon would cause him to "bleed to death internally." Staffa wanted the district court to order his transfer to a hospital and full disclosure of his medical condition.

Before the district judge had ruled on this motion, Staffa filed a second that was materially identical. The judge denied both motions with the explanation that Staffa had "not demonstrated a reasonable likelihood of success on the merits" and that the preliminary relief he sought seemed unnecessary, given that his motions "describe ongoing medical care he is receiving." Staffa attempted to challenge that decision by filing an interlocutory appeal, which we dismissed as untimely in October 2013. Meanwhile, though, Staffa had filed his third motion for preliminary relief. That one was much the same as the first two and was denied by the district court "[f]or the reasons stated in the . . . order denying the previous motion[s]." Staffa sought review of that order by filing a second interlocutory appeal but two months later voluntarily dismissed the appeal. *See* FED. R. APP. P. 42(b).

By this time, the defendants had moved for summary judgment, mainly on the ground that Staffa's suit rests entirely on his disagreement with the treatment decisions of the medical staff. After filing his opposition to that motion, Staffa filed still another request for a preliminary injunction, this time stating that the lump on his ribcage had been surgically removed only to reappear two weeks later. This fourth motion is less clear than the others about the requested relief, although like the first three it demands that Staffa "be told the truth" about the nature of his illness and the "damage it has done." The district judge denied the motion, explaining that, like Staffa's others, it demonstrates that he "was receiving ongoing medical care for his condition." Staffa filed a third interlocutory appeal, this one timely. That was in August 2014—about eight months ago—but the defendants' motion for summary judgment remains pending because the judge stayed the proceedings pending our decision in this appeal. (The judge also had stayed the proceedings during Staffa's first two appeals.)

This appeal is frivolous. Staffa mostly argues that he's been denied discovery and that the defendants' motion for summary judgment should be denied. But those contentions concern the underlying suit still pending in the district court, while our review—as we told Staffa in an order issued before briefing—is limited to the denial of his request for a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). To obtain that relief Staffa had to establish, among other things, that he is likely to succeed on the merits and would suffer irreparable harm without immediate relief. *See Smith v. Exec. Dir. of Ind. War Mem'ls Comm'n*, 742 F.3d 282, 286 (7th Cir. 2014); *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012).

Staffa fell well short of that mark. Although it is unclear what form of relief Staffa was seeking, a generous reading of his motion suggests that he wanted the district judge to order his transfer to a hospital for diagnosis and treatment. But the judge's conclusion that Staffa is receiving medical care in prison is supported by the record, and Staffa does not explain—either in his motion or in his appellate brief—how that care is inadequate. Nor does he clarify how the care he would receive in a hospital would be different, let alone better, than the care he is receiving in prison. He repeatedly cites an article on Enterobacter infections that he submitted with one of his earlier requests for preliminary relief, but that article, while confirming that Enterobacter infections can be dangerous (even deadly), does not establish that Enterobacter is the cause of the blister in his colon or the lump on his ribcage. And the very fact that Staffa received surgery for the lump undercuts the likelihood of irreparable harm. We cannot conclude that the district court abused its discretion in denying Staffa's motion. *See Wheeler v. Talbot*, 770 F.3d 550, 552–53 (7th Cir. 2014).

It should be noted that an appeal from an interlocutory decision—here, the denial of a preliminary injunction—does not divest a district court of jurisdiction or prevent the court "from finishing its work and rendering a final decision." *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006); *see Chrysler Motors Corp. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 909 F.2d 248, 250 (7th Cir. 1990); *United States v. City of Chicago*, 534 F.2d 708, 711 (7th Cir. 1976). In short, a ruling on the defendants' motion for summary judgment need not have awaited the outcome of this appeal.

Finally, because this appeal is frivolous, Staffa has incurred a strike under 28 U.S.C. § 1915(g).

AFFIRMED.