**AMERICAN CYANAMID COMPANY,**
Plaintiff-Appellant,

v.

**LINCOLN LABORATORIES, INC., et al.,**
Defendants-Appellees.

No. 17115.

United States Court of Appeals
Seventh Circuit.

Nov. 6, 1968.

Charles A. Bane, David J. Rosso, Chicago, Ill., John C. Blair, Stamford, Conn., for appellant.

D. D. Allegretti, Jacques M. Dulin, Chicago, Ill., for appellees.

Before HASTINGS, SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

This cause arises on a motion made by the defendant-appellee, Lincoln Laboratories, Inc., to dismiss this appeal for lack of jurisdiction, under 28 U.S.C. § 1292(a) (4), as herein claimed. On September 3, 1965, plaintiff-appellant, American Cyanamid Company, brought suit for declaratory judgment, claiming that Lincoln's reissue patent No. 25,637, covering a smallpox testing device, was invalid and/or not being infringed by Cyanamid's tuberculin testing apparatus, or that Cyanamid had "intervening rights" under 35 U.S.C. § 252. Thereafter, Lincoln filed three counterclaims charging Cyanamid with patent infringement of Lincoln's reissue patent No. 25,637, commission of certain acts of unfair competition, and violation of the antitrust laws.

On February 5, 1968, the district court entered an order, subscribed to by both parties, which set forth the sequence of proof for the issues to be tried. As provided by the order, the patent issues were to be tried first to the court. Secondly, the unfair competition and antitrust issues were to be tried before a jury and finally, depending upon a finding of validity and infringement of the reissue patent, the intervening rights question was to be tried to the court.

After trial of the patent validity and infringement issues, the district court found that the contested claims of Lincoln's reissue patent were valid and that these claims had been infringed by Cyanamid's testing device. Cyanamid then moved for a certification of appeal of the patent issues pursuant to Fed.R.Civ. P. 54(b). This motion was denied by the district court and an appeal under 28 U.S.C. § 1292(a) (4) was filed by Cyanamid.

It is the contention of Cyanamid that the present appeal is proper because it falls within one of the exceptions to the final judgment rule of Fed.R.Civ.P. 54 (b) and 28 U.S.C. § 1291 which would otherwise prevent an appeal here. In relevant part, the final judgment rule exception contained in 28 U.S.C. § 1292 provides:

(a) The courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts * * * granting, continuing, modifying, refusing or dissolving injunctions * *;

\* \* \* \* \*

(4) Judgments in civil actions for patent infringement which are final except for accounting.

The issue here presented is whether the existence of specific unadjudicated issues in this lawsuit, namely, unfair competition, antitrust violations, and intervening rights, deprives Cyanamid of its right under 28 U.S.C. § 1292(a) (4) to appeal the patent validity and infringement determination entered below by the district court.

In support of its position that the existence of unresolved issues before the

district court does not deprive this court of jurisdiction under section 1292(a) (1) injunction provisions, Cyanamid relies on George P. Converse & Co. v. Polaroid Corp., 242 F.2d 116 (1st Cir. 1957), Hook v. Hook & Ackerman, Inc., 233 F.2d 180 (3rd Cir. 1956), cert. denied, 352 U.S. 960, 77 S.Ct. 350, 1 L.Ed. 2d 325 (1957), and other similar cases as authority.

Although these cases stand for the proposition that the presence of undecided issues or claims does not prevent an appeal under the injunction provision, section 1292(a) (1), we are of the opinion that these cases cannot be automatically applied to patent infringement litigation when appeal is sought under section 1292(a) (4).[1]

■ Most relevant to our determination of the issue before us is the dissimilarity of the language used in these two subsections of section 1292. Subsection 1292(a) (1) states that an interlocutory appeal may be taken from any district court order "granting, continuing, modifying, refusing or dissolving" an injunction. There is no language in this injunction subsection requiring finality of judgment. In fact the term judgment does not appear in that subsection. The literal wording of the injunction provision leads us to believe that the other courts dealing with appeals relating to orders granting or denying an injunction have been correct in holding that such an order may be appealed under section 1292(a) (1) regardless of the posture of the other issues to be tried in a case, that is, regardless of whether every issue has been finally adjudicated.

■ Turning to the language of subsection 1292(a) (4) which is here controlling, we note that a patent infringement judgment, final except for accounting, must exist before an interlocutory appeal thereupon may be taken. Our holding, that a final judgment as to all issues in a suit involving patent in-

fringement, except for the accounting, must be present before an appeal under section 1292(a) (4) can be taken, is what the words of that statute plainly provide and is in accord with the conclusions of the Ninth Circuit Court in Bergman v. Aluminum Lock Shingle Corp. of America, 237 F.2d 386 (9th Cir. 1956).[2] There the court indicated its theory of construction: "That section [§ 1292(a) (4)] does not apply to the instant judgment, since here, as we have seen, both the complaint and the counterclaim also charged unfair competition, neither of which allegations was disposed of by the District Court. Therefore the so-called "Decree" was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and was not appealable." 237 F.2d at 387.

■ The reasoning of Bergman is altogether applicable to the case at bar. The interlocutory appeal provision of section 1292 must be read in pari materia with section 1291's final judgment rule. The exceptions to the section 1291 finality rule contained in section 1292 must be construed in strict accordance with the specific statutory language. Such an approach compels us to disregard the cases cited to us by Cyanamid dealing with the section 1292(a) (1) injunction provision because different statutory standards are therein proscribed for that type of interlocutory appeal than are proscribed in section 1292(a) (4) for a patent infringement appeal. The former has no requirement pertaining to finality of judgment, the latter clearly requires such finality as to all issues except accounting.

■ Since the finality of judgment required by section 1291 and not negated by the section 1292(a) (4) patent infringement appeal exception is absent in the instant case, Cyanamid's appeal is dismissed and Lincoln's motion to dismiss this appeal for lack of jurisdiction is granted.

1. For the same reasons we need not re-examine the rationale of Packard Motor Car Co. v. Gem Mfg. Co., 187 F.2d 65 (7th Cir. 1950), which although *contra* to the above-mentioned cases, similarly involved an interlocutory appeal from the dismissal of a counterclaim which contained a prayer for an injunction.

2. See also, Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234 (9th Cir. 1967).