**KING INSTRUMENT CORPORATION, Appellee,**

v.

**OTARI CORPORATION, Appellant.**

**Appeal No. 86–1248.**

United States Court of Appeals, Federal Circuit.

March 16, 1987.

James K. Haynes, Orrick, Herrington & Sutcliffe, San Francisco, Cal., argued for appellant. With him on the brief were Robert E. Freitas, Orrick Herrington & Sutcliffe, San Francisco, Cal., George C. Limbach, P.C., Carrie L. Walthour, P.C., and George T. Sekimura, Limbach, Limbach & Sutton, San Francisco, Cal., and Shigeru Watanabe, Kelly, Drye & Warren, Los Angeles, Cal.

Elmer S. Albritton, Flehr, Hohbach, Test, Albritton, & Herbert, San Francisco, Cal., argued for appellee. With him on the brief were William J. Egan, III, Richard F. Trecartin and Luann Cserr. Also on the brief was Nicholas A. Pandiscio, Schiller & Pandiscio, Waltham, Mass.

Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.

DAVIS, Circuit Judge.

This is an appeal by the Otari Corporation (Otari) from a Modified Judgment of the United States District Court for the Northern District of California (Ingram, J.) awarding King Instrument Corporation (King) execution on part of its damages for infringement of its United States Letters Patent 3,637,153 ('153 patent) and granting a permanent injunction as to machine sales and the sale of spare parts. For the reasons discussed below, we affirm as to the issue of damages but modify the injunction to exclude the reference to spare parts. King's motion to dismiss the appeal is denied.

## I.

*Background.* The '153 patent was issued to King in 1972 and relates to an automatic device for loading tape into closed cassettes. *See King Instrument Corp. v. Otari Corp.,* 767 F.2d 853, 226 USPQ 402 (Fed.Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986). King filed suit against Otari claiming, *inter alia,* that Otari had infringed the '153 patent. After an extensive trial, the District Court held, in a 1984 unpublished opinion, that the '153 patent was valid and infringed. The court awarded King damages amounting to $2,282,935 in lost profits ("machine damages") and $438,810 in damages from the sale of spare parts. The District Court then entered a permanent injunction which was subsequently modified to include an injunctive reference to spare parts.

On appeal to this court in 1985, we affirmed the trial court's conclusion that the '153 patent was valid and infringed and also affirmed the award of machine damages. However, we vacated and remanded the District Court's determination of spare parts damages, holding that "the present record [was] insufficient to support the District Court's conclusory statement that '[t]he lost profits from the sale of parts incurred by [King] is $438,810.'" *King,* 767 F.2d at 865, 226 USPQ at 410. Following this court's remand order, but prior to any further trial proceedings, King sought and obtained from the District Court on January 14, 1986 the Modified Judgment

that is the subject of this appeal. The Modified Judgment enters judgment against Otari confirming the original machine damages and ordering execution thereof [1] but reserving for a later determination (on remand from this court) the amount, if any, of spare parts damages. The District Court also continued the injunction against Otari as to machine sales and spare parts sales.

There are three issues on appeal. The threshold issue is whether this court can properly entertain an appeal from the District Court's Modified Judgment prior to the remand proceedings on the issue of damages flowing from the sale of spare parts. Assuming that this appeal is properly before this court at this time, the second issue is whether the District Court can properly order an immediate execution of the judgment with respect to the machine sales and defer for later determination the amount of damages flowing from the sale of spare parts. The final issue is whether the District Court's injunction should be modified to exclude the ban on Otari's sale of spare parts.

## II.

■ *King's motion to dismiss the appeal.* King asks this court to dismiss this appeal, asserting that the Judgment of January 14, 1986 was merely an acknowledgement of this court's ruling and, as such, presents no issues for appeal. There are two alternative answers to this challenge.

First, King ignores the fact that the court's order also grants injunctive relief and the law permits Otari to challenge that injunction in this court for abuse of discretion. As provided in part in 28 U.S.C. § 1292:

(a) [T]he courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States ... granting, continuing ... or refusing to dissolve or modify injunctions....

The Modified Judgment on its face continues the 1984 injunction and is clearly ap-

pealable to this court under the statute. Courts have interpreted § 1292(a) as conferring jurisdiction on courts of appeals when a trial court has issued an order involving any injunctive relief regardless of whether all other issues have been finally adjudicated. *E.g., American Cyanamid Co. v. Lincoln Laboratories,* 403 F.2d 486, 488, 159 USPQ 577, 578 (7th Cir.1968). *See also Schulner v. Jack Eckerd Corp.,* 706 F.2d 1113, 1114 (11th Cir.1983). In addition, when appellate jurisdiction is conferred on a court of appeals through the trial court's grant of injunctive relief, "the entire order, and not simply the propriety of the injunctive relief, is before the court for review." *D'Iorio v. County of Delaware,* 592 F.2d 681 (3d Cir.1978) (citing *McNally v. Pulitzer Pub. Co.,* 532 F.2d 69 (8th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976)); *Kohn v. American Metal Climax, Inc.,* 458 F.2d 255 (3d Cir.), *cert. denied,* 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972).

Second, King incorrectly maintains that this appeal is not properly before this court because the trial court's Modified Judgment is not a final decision within the meaning of 28 U.S.C. § 1291 (1982). King argues that, since the issue of spare parts damages has not been adjudicated (on remand) at the trial level, the Modified Judgment is wholly interlocutory and thus not ripe for appeal. We disagree in this instance. Our understanding of the Modified Judgment leads us to conclude that it was final under § 1291. The Supreme Court has long espoused a liberal interpretation of the final judgment rule where there is an order for an immediate execution. As the Court stated in *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 204, 12 L.Ed. 404 (1848): "[w]hen the decree ... directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court...." *See also Simmons v. Block,* 782 F.2d 1545,

---

1. On April 28, 1986, Otari tendered $3,438,360 in satisfaction of the Modified Judgment. This amount included payment for machine damages

and pre- and post-judgment interest. King has accepted the money.

1549 (11th Cir.1986) (28 U.S.C. § 1291 confers appellate court jurisdiction when trial court orders defendant to deliver property to plaintiff). In this case, the trial court ordered an immediate execution of the machine damages. Despite the fact that the issue of spare parts damages is still pending in the District Court, the Modified Judgment is appealable to this court under the *Forgay* rule.

We hold, therefore, that the trial court's Modified Judgment is appealable under either § 1291 or § 1292. King's motion to dismiss is denied.

### III.

*Otari's challenge to the Modified Judgment.* Otari claims that the Modified Judgment impermissibly splits a claim arising out of the same machine sales. Otari does not dispute that it is liable to King for the machine sales, but argues rather that execution must, by law, be deferred until there is a final determination on remand of the issue of spare parts damages.

The crux of appellant's contention is that the District Court lacks power to order execution on the machine damages, which this court affirmed in the first appeal, while deferring possible damages arising from the sale of spare parts for later determination. Otari says that such an order impermissibly splits a single claim, contrary to Fed.R.Civ.P. 54(b),[2] because all the activity involved the same machine sales and there are no separate or multiple claims relating to the two categories of items. Rule 54(b), we are told, is the only source of authority for finally deciding less than the entire case. What Otari fails to acknowledge is the posture of this case at the time the Modified Judgment was issued. The District Court ordered execution of the machine sales *after* this court

had considered and affirmed the District Court's determination on those damages.

As the trial court recognized, Rule 54(b), which concerns the power of the trial court *before* appeal, is not applicable in these circumstances. Here, King has already obtained a single judgment, most of which was affirmed by this court and only a portion of which is controverted on remand. *See Barnes v. United States*, 678 F.2d 10, 12 (3d Cir.1982). Clearly it was within this court's power under 28 U.S.C. § 2106 (1976) to affirm that portion of the trial court's determination as to machine damages, remand the issue of damages pertaining to spare parts, and to provide explicitly that final judgment be entered as to the machine sales. We did not in terms do the latter but the District Court certainly did not go counter to our mandate or its spirit. Under the law of the case doctrine, that court was absolutely bound by our affirmance as to the machine damages. *Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 9 L.Ed. 1167 (1838). It was therefore not incorrect or an abuse of discretion for the trial judge to order execution on that portion of the judgment which was final, while reserving the issue of spare parts. *See Maggard v. O'Connell*, 703 F.2d 1284 (D.C.Cir.1983). In light of the length of time that has elapsed since these parties first were involved in litigation over the '153 patent, the District Court could certainly decline to insist that King wait even longer before receiving compensation for machine damages which are, at this point, both uncontested and absolute. That position is entirely in accord with our prior mandate.

### IV.

*The injunction against spare parts.* The District Court ruled that Otari "shall

---

2. Rule 54(b) provides:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the

entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

remain subject to the Permanent Injunction entered herein as of July 18, 1984." That injunction provided that:

> 5. Defendant is hereby enjoined and restrained from making, using, offering for sale and further sale VL–100, VL–110, VTW–120, VL–500 and VL–600, or the equivalents thereof, and *including spare parts thereof* (emphasis added).

██ We hold that the District Court erred (in its Modified Judgment) in extending the injunction to all spare parts and therefore vacate the injunction as to the spare parts. Otari is entitled to sell its customers unpatented spare parts attributable to repair of those infringing devices for which King has been fully compensated. In this instance, the District Court has ordered an execution of damages as to the past infringing machine sales. Otari has paid these damages to King in full and hence has received an implied license on those sales. *Union Tool Co. v. Wilson,* 259 U.S. 107, 113, 42 S.Ct. 427, 429–30, 66 L.Ed. 848 (1922). That license extends throughout the useful life of those machines and permits the licensee to provide its customers with spare parts needed for repairs. *Id.* Since Otari is an implied licensee, its sale of unpatented repair parts to its customers does not constitute a direct infringement.[3]

To be sure, the sale of spare parts may or may not be an infringement. *Aro Mfg. Co. v. Convertible Top Co.,* 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592, 128 USPQ 354 (1961) (*Aro I*); *Aro Mfg. Co. v. Convertible Top Co.,* 377 U.S. 476, 81 S.Ct. 599, 5 L.Ed.2d 592, 141 USPQ 681 (1964) (*Aro II*). The term "spare parts" is a broad designation encompassing not only repair parts, but also reconstruction parts as well as additional parts sold to customers at the time of the original sale.

The distinction between repair parts and other spare parts is an important one and has been addressed by the Supreme Court and this court. Under the doctrine of *Aro I,* a licensee may properly replace parts

only "to preserve its fitness for use so far as it may be affected by wear and usage." 365 U.S. at 345, 81 S.Ct. at 604, 128 USPQ at 359. Otari may properly supply its customers only with spare parts attributable to repair. As to the distinction between repair parts and reconstruction parts, this court has held that the replacement of a *worn* part in a patented combination constitutes a repair rather than a reconstruction. *See Porter v. Farmers Supply Serv.,* 790 F.2d 882, 886, 229 USPQ 814, 816–17 (Fed. Cir.1986) (replacement of worn part in patented combination is a repair rather than a reconstruction). Any other sales of spare parts (*i.e.,* for reconstruction or possibly at the onset of the sale as mere extra parts, or spare parts connected with new machine sales (for which King has not been compensated)) do not fall into Otari's implied license under the past machine sales for which King has already been compensated.

Because of these delicate distinctions, it seems better to vacate, in this present injunction, all reference to spare parts—at least until the District Court has made its determination (on remand) as to spare parts damages. The future coverage of the injunction can then be considered anew.

AFFIRMED–IN–PART and VACATED–IN–PART.

---

**3.** The fact that Otari did not, on the first appeal, attack the inclusion of spare parts in the injunction has no significance now that Otari has compensated King for the infringing machine sales. That new factor creates a significantly new situation.