**BELL BCI COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–1613C.**

United States Court of Federal Claims.

Feb. 24, 2010.

Richard O. Wolf, with whom was Charlie C.H. Lee, Moore & Lee, LLP, McLean, Virginia, for Plaintiff.

Joan Stentiford Swyers, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER ON MOTIONS FOR PARTIAL FINAL JUDGMENT

WHEELER, Judge.

This construction case is before the Court on remand from the United States Court of Appeals for the Federal Circuit. *See Bell BCI Co. v. United States,* 570 F.3d 1337 (Fed.Cir.2009). The Federal Circuit directed this Court to make new determinations regarding three of the six categories of damages presented at trial, but affirmed this Court's rulings on the remaining three categories. *Id.* Plaintiff Bell BCI ("Bell") and its subcontractor, Stromberg Metal Works, Inc. ("Stromberg"), have filed motions for partial final judgment as to claims that the Federal Circuit affirmed. For reasons that are puzzling to the Court, Defendant opposes Bell's and Stromberg's motions. It is unknown why Defendant would construct an argument opposing the prompt payment of decided claims under the Contract Disputes Act.

The previous decisions of this Court and the Federal Circuit provide a full explanation of this extensive controversy,[1] but a brief

---

1. *See Bell BCI Co. v. United States,* 72 Fed.Cl. 164 (2006) (denying cross-motions for summary judgment on accord and satisfaction issue); *Bell BCI Co. v. United States,* 81 Fed.Cl. 617 (2008) (granting relief to Bell after trial); and *Bell BCI Co. v. United States,* 570 F.3d 1337 (Fed.Cir. 2009) (affirming in part, vacating in part, and

summary may prove helpful. Following a project fraught with changes and delays, Bell submitted a certified claim to the contracting officer on April 5, 2002 to recover additional costs incurred in the construction of a laboratory building for the National Institutes of Health ("NIH") in Bethesda, Maryland. The claim included Bell's additional costs, as well as "pass through claims" to recover the additional costs of Bell's subcontractors. The contracting officer denied the claim, and Bell filed suit in this Court on June 27, 2003.

At the trial of this matter in October 2007, Bell presented evidence covering six separate categories of damages: (1) $2,058,456 in labor inefficiency costs attributable to the cumulative impact of government-issued changes; (2) $1,602,053 for the delays of remaining on the project after April 30, 2001; (3) $366,051 as a 10 percent profit on the delay and inefficiency costs; (4) $563,125 for the unpaid balance of the contract price; (5) $1,610,987 for unresolved changes not addressed in any contract modification; and (6) pass through claims of $1,690,352 on behalf of five subcontractors. In an April 21, 2008 decision, the Court found in favor of Bell, and awarded damages to Bell totaling $6,200,672, plus interest as allowed under the Contract Disputes Act, 41 U.S.C. § 611 (2006) ("CDA"). *Bell BCI Co. v. United States,* 81 Fed.Cl. 617 (2008). The Court also granted Stromberg's pass through claim for $812,092, plus CDA interest. *Id.* at 641–42.

The Government appealed the Court's decision to the Federal Circuit. In a June 25, 2009 decision, the Federal Circuit affirmed in part, vacated in part, and remanded the case to this Court. *Bell BCI,* 570 F.3d at 1338. With regard to Bell's six categories of damages, the Federal Circuit affirmed the awards to Bell of $563,125 for the unpaid balance of the contract price, and of $1,610,987 for unresolved changes not addressed in any contract modification, and to Stromberg for the $812,092 pass through claim. *Id.* at 1342–43. The Federal Circuit

vacated the awards of $2,058,456 for labor inefficiency costs, and $1,602,053 for government-caused delays, and remanded to this Court to determine the damages for these items. *Id.* at 1342. Implicitly, the Federal Circuit also reopened Bell's claim for profit on the remanded damages items. As to the three categories that the Federal Circuit affirmed, Defendant has not paid Bell for any of these damages.

After receipt of the Federal Circuit's mandate in this Court on October 21, 2009, both Bell and Stromberg filed motions for entry of partial final judgment as to the damages items that the Federal Circuit affirmed.[2] Stromberg filed its motion on December 23, 2009, and Bell filed a similar motion on January 11, 2010. Bell and Stromberg assert that the affirmed damages items will not be the subject of any remand proceedings, and should be considered final. Bell, however, argues that Stromberg's motion should be denied as moot because Stromberg is not a party to this action, and in any event, Bell has included the amount for Stromberg in its own motion for entry of partial judgment. Defendant filed an opposition brief to Bell's and Stromberg's motions on February 2, 2010, and both Bell and Stromberg have filed reply briefs.

### Discussion

#### A. Bell's Motion for Partial Final Judgment

Pursuant to RCFC 54(b), this Court is authorized to "direct entry of final judgment as to one or more, but fewer than all, claims" upon an express finding that "there is no just reason for delay." The full text of this rule reads as follows:

**(b) Judgment on Multiple Claims or Involving Multiple Parties.**

When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or

---

remanding to this Court after Defendant's appeal).

**2.** The record reflects Stromberg's attempt to resolve this matter informally, through a December 1, 2009 letter to Defendant's counsel requesting

payment of the award to Stromberg, plus CDA interest. (Stromberg Mot., Ex. 1.) Stromberg asserts that Defendant did not respond to this letter.

parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

RCFC 54(b). This rule applies to all categories of cases that come before the Court, without restriction. In the current posture of the case, this Court would need to issue a partial final judgment under RCFC 54(b) to grant relief to Bell on its motion. This is so because the Federal Circuit remanded the entire case to this Court without issuing any partial judgment in Bell's favor.

■ The CDA also contains a provision at 41 U.S.C. § 609(e) providing for the entry of partial final judgments in cases involving multiple claims or multiple parties. This provision states as follows:

> (e) **Judgments as to fewer than all claims**
>
> In any suit filed pursuant to this chapter involving two or more claims, counterclaims, cross-claims, or third-party claims, and where a portion of one such claim can be divided for purposes of decision or judgment, and in any civil suit where multiple parties are involved, the court, whenever such action is appropriate, may enter a judgment as to one or more but fewer than all of the claims, portions thereof, or parties.

41 U.S.C. § 609(e). Defendant attempts to give this provision a very narrow reading by relying upon the title of § 609, "Judicial review of board decisions." Based upon this title, Defendant suggests that § 609(e) applies only to appeals from board of contract appeals' decisions, and thus would apply only when the Federal Circuit is reviewing a board decision. (Def. Opp. 6.) However, the Court does not read this provision so narrowly. The very first line of § 609(e) refers to "any suit filed pursuant to this chapter." The term "chapter" refers to Chapter 9 of Title 41, which is the entire Contract Dis-

putes Act, 41 U.S.C. §§ 601–613. Thus, "any suit filed pursuant to this chapter" refers to any suit brought under the CDA.

Furthermore, if Defendant's narrow interpretation had any merit, the Court would expect to see some reference in § 609(e) to "board of contract appeals' decisions," or "appeals to the Federal Circuit." Those words do not appear in § 609(e), indicating that the provision does not have the limitation Defendant suggests. Finally, within § 609 is the provision authorizing the direct filing of a suit in the Court of Federal Claims to appeal a contracting officer's final decision. *See* 41 U.S.C. § 609(a)(1). Obviously, 41 U.S.C. § 609 is a much broader set of provisions than the title might imply. The Court sees no basis for Defendant's limited reading of 41 U.S.C. § 609(e).

The Court thus is confident that it is authorized to issue partial final judgments in a CDA case such as this, pursuant to RCFC 54(b) and 41 U.S.C. § 609(e). The remaining question is whether there is any "just reason for delay" under RCFC 54(b), or as stated in the CDA, "whether such action is appropriate" under 41 U.S.C. § 609(e). Case law from the Federal Circuit and from this Court is instructive.

■ The entry and payment of partial judgments have been approved where the Federal Circuit has affirmed a specific portion of this Court's original judgment, but where another portion has been remanded for further proceedings. *See King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed.Cir.1987). Thus, on remand, this Court "can split that judgment by directing partial judgment on the affirmed portion." *Am. Sav. Bank v. United States*, 83 Fed.Cl. 555, 558 (2008).

The *King* case is especially instructive. In *King*, the trial court awarded the plaintiff two categories of damages for the infringement of a patent: lost profits for machine damages, and lost profits from the sale of spare parts. 814 F.2d at 1561. On appeal, the Federal Circuit affirmed the portion of the trial court's original award relating to machine damages, but vacated and remanded the award relating to spare parts. On re-

mand, but prior to any further trial proceedings, the trial court entered judgment against the defendant on the affirmed portion of the damages and ordered execution on the judgment. *Id.* at 1561–62. The Federal Circuit observed that it was "not incorrect or an abuse of discretion for the trial judge to order execution of that portion of the judgment which was final, while reserving the issue of spare parts" and that such order was "entirely in accord with [the Court of Appeals'] prior mandate." *Id.* at 1563.

In *Home Savings of America v. United States*, 69 Fed.Cl. 187 (2005), the Federal Circuit affirmed the trial court's award of $134 million in damages for a breach of contract involving a federally-insured thrift, but remanded certain issues regarding state-insured institutions. *Id.* at 188. On remand, the Court directed the clerk to "enter partial final judgment . . . against the United States in the amount of $134,045,000" because the "government's liability . . . [was] fixed" as to that aspect of the case and there was "no possibility of conflict." *Id.* at 192–93.

Similarly, in *American Savings Bank*, the Court entered partial final judgment on the plaintiffs' "note" claim "after the Federal Circuit clearly affirmed a definitive award of quantum" and where "there were two segregable categories of damages, which enabled the Federal Circuit to find reversible error in the calculation of damages in one distinct category, without that error tainting the calculation of damages in the other category." 83 Fed.Cl. at 558–59.

Defendant states that the above authorities cited by Bell are distinguishable because they are all non-CDA cases where the judgments were payable pursuant to 28 U.S.C. § 2517. (Def. Opp. 6.) For CDA cases, Congress provided that "[a]ny judgment against the United States on a claim under this chapter shall be paid promptly in accordance with the procedures provided by section 1304 of Title 31." 41 U.S.C. § 612(a). Defendant contends that, while 28 U.S.C. § 2517(b) allows for the payment of partial final judg-

ments, there is no comparable provision in 31 U.S.C. § 1304. (Def. Opp. 5.) Thus, Defendant asserts that Bell has failed to cite any authority for the payment of a partial final judgment in a CDA case. *Id.* at 6.

■ Defendant's position is without merit.[3] The provisions in 31 U.S.C. § 1304 are known as the "Judgment Fund." Congress enacted the Judgment Fund in 1956 to eliminate the need for specific appropriations to satisfy judgments against federal agencies. *See,* Carl L. Vacketta and Eric B. Kantor, *Obtaining Payment From the Government's "Judgment Fund",* Federal Publications Briefing Papers Second Series, Feb. 1997, at 3. In 1978, Congress made all court and board of contract appeals judgments relating to CDA claims payable from this Judgment Fund. 41 U.S.C. § 612(a). The CDA requires the contracting agency to reimburse the Judgment Fund for payments made, 41 U.S.C. § 612(c), but special appropriations are not necessary in the first instance to pay the judgment. The primary purpose of creating this mechanism in the Judgment Fund was to provide for the prompt payment of judgments and to reduce or eliminate the costs of interest to the Government. *See Bath Iron Works Corp. v. United States,* 20 F.3d 1567, 1583 (Fed.Cir.1994) (citing *Lopez v. A.C. & S., Inc.,* 858 F.2d 712, 716 (Fed.Cir. 1988), *cert. denied,* 491 U.S. 904, 109 S.Ct. 3184, 3185, 105 L.Ed.2d 694 (1989)); *see also United States v. Varner,* 400 F.2d 369, 372 (5th Cir.1968).

Defendant's position in this case is directly at odds with the purpose of the Judgment Fund and the CDA. Instead of paying decided claims now and thereby adhering to established Congressional policy, Defendant wants to postpone the payment until the remainder of the case is resolved through remand proceedings. There is no coherent reason for such delay, or for the needless increase in the amount of interest the Government would pay. The Court's decision on the affirmed claims is final, the Government's liability is established, these claims will have no possi-

---

**3.** Defendant's cited differences between 28 U.S.C. § 2517 and 31 U.S.C. § 1304 are of no significance, because 31 U.S.C. § 1304 actually refers to 28 U.S.C. § 2517 as one of the judg-

ments that can be paid from the Judgment Fund. As noted *supra,* the Court has ample authority to issue partial final judgments in this case under RCFC 54(b) and 41 U.S.C. § 609(e).

 

ble effect on the remand proceedings, and the claims will never again be reviewed on appeal.

Accordingly, pursuant to RCFC 54(b), the Court determines that "there is no just reason for delay." The Court will direct the Clerk to enter partial final judgment in favor of Bell for $2,986,204, plus CDA interest from April 5, 2002 until the date of payment. This amount consists of $563,125 for the unpaid balance of the contract price, $1,610,987 for unresolved changes not addressed in any contract modification, and Stromberg's pass through claim of $812,092.

B. *Stromberg's Motion for Partial Final Judgment*

■ The Court must deny Stromberg's motion for partial final judgment because Stromberg is not a party to this case. Bell is the sole plaintiff, and Stromberg as a subcontractor could not become a co-plaintiff because it has no contract with the United States. Stromberg's pass through claim in this case was necessary precisely because Stromberg is not in privity with the Government and may not sue the Government directly. *See Metric Constructors v. United States*, 314 F.3d 578, 581 (Fed.Cir.2002). The only parties who may maintain an action in the trial court based upon a contract are those who have actually entered into a contract with the United States. *Merritt v. United States*, 267 U.S. 338, 340, 45 S.Ct. 278, 69 L.Ed. 643 (1925); *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed.Cir.1984); *Putnam Mills Corp. v. United States*, 202 Ct.Cl. 1, 479 F.2d 1334, 1337 (1973). Stromberg has no basis upon which to assert a claim in this case in its own name.

Stromberg's motion also is denied as moot because Bell has included Stromberg's pass through claim in Bell's motion, and the Court by granting Bell's motion has entered judgment for the amount owed to Stromberg. Accordingly, when Bell receives payment of its judgment from the United States, Bell can make payment of the proper amount to Stromberg.

*Conclusion*

Based upon the foregoing, Bell's motion for partial final judgment is GRANTED, and Stromberg's motion for partial final judgment is DENIED. Pursuant to RCFC 54(b), upon a determination that "there is no just reason for delay," the Clerk is directed to enter partial final judgment in favor of Bell in the amount of $2,986,204, plus CDA interest from April 5, 2002 until the date of payment.

IT IS SO ORDERED.